**Bennie Bernard AINSWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 07–97–0361–CR, 07–97–0362–CR.**

Court of Appeals of Texas, Amarillo.

June 22, 1998.

C.J. McElroy, Amarillo, for appellant.

Rebecca King, Dist. Atty., Clarence Walker, Asst. Dist. Atty., Amarillo, for appellee.

Before QUINN and REAVIS, JJ., and REYNOLDS,* Senior Justice.

REYNOLDS, Senior Justice (Retired).

Upon appellant Bennie Bernard Ainsworth's pleas of guilty to two separate offenses of aggravated sexual assault of a child consolidated for trial, a jury assessed his punishment at imprisonment for 50 years in each cause to be served concurrently. Appellant seeks a reversal and remand for a new trial because the trial court failed to admonish him as required by provisions of article 26.13, Texas Code of Criminal Procedure Annotated (Vernon 1989 & Supp.1998). Because we discern that the failure to admonish was harmless error, we will affirm.

Article 26.13, *supra*, mandates that prior to accepting a plea of guilty, the trial court shall admonish the defendant, either orally or in writing, of the consequences of entering the guilty plea. The statute further provides that substantial compliance with the admonition requirements is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Parenthetically, we notice that in each of his charges, read in the presence of appellant, the trial court informed the jury that appellant persisted in entering his pleas of guilty, notwithstanding that the court had admonished him of the consequences. And each judgment recites that appellant was admonished by the court of the consequences of his pleas, including the minimum and maximum punishment. Appellant has not attempted to impeach the recitals.

Instead, appellant submits, and the State concedes, that the appellate record does not

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

independently show the admonishments were given, either orally or in writing. Accepting the lack of any admonishments at the time appellant entered his pleas of guilty, any question of substantial compliance with the article is foreclosed. *Matchett v. State,* 941 S.W.2d 922, 927 (Tex.Cr.App.1996), *cert. denied,* 521 U.S. ——, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997).

The mandatory language of the statute requires that the admonishments must be given to every defendant·who enters a plea of guilty. The failure to do so resulted in a reversal without regard to whether the defendant was harmed, *see, e.g., Morales v. State,* 872 S.W.2d 753, 754–55 (Tex.Cr.App. 1994), until *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Cr.App.1997), overruled *Morales* and kindred cases in that respect, and made it clear that a failure to admonish under the statute is subject to a harmless error analysis, unless the error defies analysis, or the data is insufficient to conduct a meaningful analysis, under the harmless error standard. *See High v. State,* 964 S.W.2d 637 (Tex.Cr. App.1998); Tex.R.App. P. 44.2(a).

Specifically, appellant complains that he was not admonished as to the range of punishment of the offenses, or in reference to his citizenship status, and that no inquiry was made as to his competency or whether his plea was knowing and voluntary, as required by article 26.13(a)(1), (a)(4), and (b), *supra.* The complaints will be considered in that order.

At the outset, we notice that appellant does not suggest, and makes no effort to affirmatively show, that he was not aware of the consequences of his pleas of guilty or that he was harmed by the lack of admonishments by the court. Nor does he contend that he was not mentally competent or that his pleas were not free and voluntary. Instead, he argues that the waiver of several state and federal constitutional rights are involved in the admonishments, and the failure to admonish with respect to those rights reaches a breach of constitutional proportions.

Even so, the failure to admonish is not one of those listed structural defects in the framework of the trial mechanism which is held to defy harmless error analysis. *Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Rather, it is "trial error" which is subject to a harmless error analysis.

The aggravated sexual assault of a child is a first degree felony. Tex. Penal Code Ann. § 22.021(e) (Vernon 1994). The punishment for a first degree felony is imprisonment for life or for any term of not more than 99 years or less than 5 years, and a fine not to exceed $10,000 may be imposed. Tex. Penal Code Ann. § 12.32 (Vernon 1994).

The record reveals that pretrial, the State and defense attempted, but were unable, to reach an agreement on punishment, and as a result, appellant opted to plead guilty and leave his punishment to a jury. During the voir dire of the members of the venire in the appellant's presence, both the State and defense informed them of the range of punishment. And, of course, the range of punishment was included in the court's charge to the jury, which was read in the presence of appellant.

Testifying in his own behalf, appellant readily admitted the commission of both offenses. Asking the jury to set his punishment, he sought probation, affirming that a probated sentence made more sense than putting him in the penitentiary because he has a short life expectancy, and being in a support group would enable him to "give something back that I have taken away."

■ On appeal, appellant does not contend that at the time he entered his pleas of guilty, he was unaware of the range of punishment, or that the failure to admonish him on the range of punishment misled him. Nor does he contend that he would not have entered the guilty pleas if he had been correctly admonished as to the range of punishment. What he does contend is that because the trial court failed to admonish him as to the range of punishment, as mandated by the statute, he is entitled to a reversal and remand for a new trial.

Our review of the whole record, particularly the pretrial negotiations regarding punishment and the lack of any complaint of harm,

convinces us beyond a reasonable doubt that the trial court's error in failing to admonish appellant as to the range of punishment did not contribute to appellant's conviction or punishment. Nor did the failure otherwise affect his substantial rights. Tex.R.App. P. 44.2.

 Appellant testified that he was born in Mississippi and served in the United States military forces. It follows that he is a United States citizen not subject to deportation and, consequently, the trial court's failure to admonish regarding deportation is harmless. *Cain v. State*, 947 S.W.2d at 264.

■ During the trial, the trial court had ample opportunity to observe appellant's attitude and demeanor. It was explained to the jury that appellant was not in court to deny in any way what occurred, but was there to tell them that he did it and wanted them to set his punishment. A review of appellant's testimony reveals that his statements were lucid, and his answers were responsive and coherent. As a whole, his testimony evinced an adequate understanding of his situation. In each charge, read in the presence of appellant, the trial court also informed the jury that appellant persisted in entering his pleas of guilty, and it plainly appearing to the court that he was mentally competent, and makes his pleas freely and voluntary, his pleas were received by the court. Further, in each judgment is recited the appearance to the court that appellant is mentally competent and sane.

■ The test for determining the validity of a guilty plea is whether the plea presents a voluntary and intelligent choice among the alternative courses of action available to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Then, absent any contention by appellant that he was mentally incapable of comprehending his situation and the proceedings, that his pleas were not a voluntary and intelligent choice of his alternatives, and that he was misled or harmed, because of the lack of admonitions, we deem that the lack of inquiry into appellant's mental capacity or whether his pleas were free and voluntary at the time he entered his pleas of guilty to be harmless beyond a reasonable doubt.

We, therefore, overrule appellant's point of error and affirm the judgment of the trial court.