**Joseph Allen McLAREN, Appellant,**

v.

**The State of Texas, Appellee.**

**No. 09–97–493 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted June 10, 1999.

Decided July 28, 1999.

Charles H. Portz, Portz & Portz, Houston, for appellant.

Michael A. McDougal, District Attorney, Conroe, Marc Brumberger, Assistant District Attorney, Conroe, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Joseph Allen McLaren entered a plea of guilty to the offense of aggravated sexual assault of a child.[1] Punishment was assessed by the jury at fourteen years confinement in the Institutional Division of the Texas Department of Criminal Justice.

▓ On appeal, McLaren argues his plea of guilty was not knowing and voluntary because the trial court failed to admonish him as to the consequences of his plea, specifically as to the range of punishment.[2] The record verifies the trial court failed to admonish McLaren of the range of punishment as required by TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989).[3] Prior to accepting McLaren's plea of guilty, the trial court asked the following questions:

> THE COURT: It's my understanding that you have waived your right to a jury trial in the guilt and innocence stage. You're pleading guilty at this time, and you wish to go to the jury for punishment. Is that correct?

1. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737 (amended 1997) (current version at TEX. PEN. CODE ANN. § 22.021(a)(1)(B) (Vernon Supp.1999)).

2. We note that under *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App.1996), we have jurisdiction to consider the voluntariness of a plea.

3. **Art. 26.13 Plea of Guilty**

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense.

THE DEFENDANT: Yes, sir.

THE COURT: I want to go ahead and do the admonishments and competency determination at this time. Have you ever been committed into a psychiatric institute?

THE DEFENDANT: No, sir.

THE COURT: Have you ever been in the care of a psychiatrist or psychologist for any kind of a mental or emotional disorder?

THE DEFENDANT: Yes. I've been in Baylor College of Medicine about six or seven months now in their sex program.

THE COURT: You have been in their sex program?

THE DEFENDANT: Yes, I have.

THE COURT: What's the name of the physician that's treating you?

THE DEFENDANT: Kayla—What's her last name? Michael D. Cox is over at the Institute.

THE COURT: Are you under any medication at this time?

THE DEFENDANT: No, I'm not.

THE COURT: Are you sober?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any drugs?

THE DEFENDANT: No, sir.

THE COURT: Can you read and write the English language?

THE DEFENDANT: Yes, sir.

THE COURT: Have you been able to communicate with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Counselor, you have met with your client, I assume, and you've counseled with him; and do you have an opinion as to whether or not he's competent to stand trial?

[DEFENSE COUNSEL]: Yes, your Honor, I feel he is.

THE COURT: Well, the Court finds that you are competent to stand trial and accepts your plea of guilty.

No further admonishments were made by the court. Therefore, it is clear that the trial court neglected to inform McLaren of the range of punishment prior to accepting his plea. We find the trial court committed error in failing to do so.

■ In *High v. State,* the Court of Criminal Appeals held that a failure to admonish a defendant under article 26.13(a)(1) is not "automatic[ally] reversible error, without regard to harm." 964 S.W.2d 637, 638 (Tex.Crim.App.1998). Instead, an appellate court is required to conduct a harm analysis pursuant to Rule 44.2 of the Texas Rules of Appellate Procedure. *Id;* TEX. R. APP. P. 44.2.[4] In a case where the trial court has failed to admonish a defendant pursuant to Art. 26.13(a)(1), the error is reviewed under Rule 44.2(b). *Aguirre–Mata v. State,* 992 S.W.2d 495, 499 (Tex.Crim.App.1999). If the error does not affect the appellant's substantial rights, it must be disregarded. *See* TEX. R. APP. P. 44.2(b). In *Carranza v. State,* the Court announced the following Rule 44.2(b) harm analysis as applicable to Art. 26.13:

> [W]e understand Rule 44.2(b) to require that when there has been no substantial compliance with the admonishment requirements of Art. 26.13, a defendant is required to show *no more* than that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

980 S.W.2d 653, 658 (Tex.Crim.App.1998). Therefore, following the guidance of the Court of Criminal Appeals, we now proceed to apply a Rule 44.2(b) harm analysis.

---

4. **44.2 Reversible Error in Criminal Cases.**

(a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

The State argues McLaren's plea was knowing and voluntary because the trial court, prosecutor, and defense counsel each stated the applicable range of punishment during voir dire. We agree. McLaren elected to have a jury determine punishment. Prior to McLaren's plea of guilty, during voir dire, the trial court, prosecutor, and defense counsel, each, independently, informed the venire panel of the appropriate range of punishment. Thus, the record of the voir dire examination affirmatively shows that McLaren had knowledge of the applicable punishment range prior to the entry of his plea.

We conclude, therefore, that McLaren was aware of the range of punishment for the offense of aggravated sexual assault of a child, that he entered his plea of guilt voluntarily and knowingly, and that the court's failure to admonish McLaren pursuant to article 26.13(a)(1) did not affect his substantial rights. *See Rachuig v. State*, 972 S.W.2d 170, 176 (Tex.App.-Waco 1998, pet. ref'd) (record indicated defendant had full knowledge of the applicable range of punishment where such was stated during voir dire). Accordingly, we disregard the trial court's error in failing to give McLaren the punishment range admonishment. *See* TEX. R. APP. P. 42.2(b).

We overrule McLaren's sole point of error and affirm the judgment of the trial court.

AFFIRMED.