**Kelius Gerard MANOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–98–00065–CR.**

Court of Appeals of Texas,
Tyler.

Nov. 30, 1999.

---

5.   TEX. CIV. PRAC & REM.CODE ANN. § 16.051 (Vernon 1997), providing a four-year statute of limitations for fraud actions.

Nancy P. Perkins, Athens, for Appellant.

Donna R. Bennett, Athens, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

ROBY HADDEN, Justice.

Appellant Kelius Gerard Manoy ("Appellant") pleaded guilty before a jury to the offense of aggravated robbery. After a punishment hearing, the jury sentenced Appellant to ninety-nine years confinement in the Texas Department of Criminal Justice—Institutional Division and a $10,000.00 fine. Appellant filed a notice of appeal to this Court. Concluding that Appellant's appeal was frivolous, Appellant's original appellate counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In a previous opinion in this case, we held that appellate counsel's *Anders* brief was inadequate because it failed to raise an "arguable claim that might support the appeal," specifically the trial court's failure to admonish Appellant as to the range of punishment connected to the charged offense. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.). Accordingly, we granted appellate counsel's motion to withdraw, struck his inadequate *Anders* brief, and directed the trial court to appoint new appellate counsel to review the record and file a new brief for Appellant. *Id.* at 780. The trial court has appointed new counsel and counsel has now filed a new brief presenting four issues for review.

In issues one and two, Appellant argues that the admonishments given by the trial court were inadequate and resulted in the entry of an involuntary guilty plea. In issue three, Appellant asserts that he did not receive the effective assistance of counsel. In issue four, Appellant argues that the trial court erred in accepting his plea of guilty where the evidence was insufficient to support every element of the offense charged in the indictment. We will affirm the trial court's judgment.

## I. FACTUAL BACKGROUND

The evidence adduced at the punishment hearing showed that on September 12, 1996, Appellant and Leonard Ross ("Ross") went to a convenience store in Leagueville, Texas to commit a robbery.

Appellant and Ross, who both possessed firearms, waited outside the store for the clerks to exit the store at closing time. Jerry Hester ("Hester") and his wife, Mary, were working in the store that night. Appellant testified that as Hester and his wife exited the store, Ross approached them and "told them this is a robbery, put their hands up." Hester testified that at least one of the assailants fired at him first and that he returned fire with a weapon he was carrying. As a result of this exchange of gunfire, Hester was shot in the chest suffering severe injuries.

## II. VOLUNTARINESS OF APPELLANT'S GUILTY PLEA

Appellant was sixteen years old at the time of the commission of the aggravated robbery. Following a certification hearing, Appellant was certified to stand trial as an adult for this offense. The indictment alleged that on September 12, 1996, Appellant, while in the course of committing theft, caused bodily injury to Jerry Hester ("Hester") by shooting Hester in the chest with a firearm. Prior to voir dire at the guilt-innocence phase of the trial, Appellant's trial counsel informed the court that Appellant would plead guilty to the indictment and have the jury assess punishment. The trial court then announced to the prospective jurors that the Appellant would enter a plea of guilty to the offense charged and that it would be the responsibility of the jurors to determine the appropriate punishment. After the jury was selected and sworn and after the State read the indictment aloud, the following exchange took place in front of the jury:

> The Court: To which [the indictment] the Defendant pleads guilty or innocent?
>
> [Defense Counsel]: Guilty, Your Honor.
>
> The Court: Mr. Manoy, are you the same Kevin Jerard [sic] Manoy who is the Defendant in Cause Number C–

8430, styled the State of Texas versus Kevin Manoy?

> Mr. Manoy: Kelius Manoy.
>
> The Court: I'm sorry, Kelius Manoy. I apologize to you. I don't have my glasses on. Kelius Manoy is that you, sir?
>
> Mr. Manoy: Yes sir.
>
> The Court: You have heard your attorney plead guilty to the indictment as read by the District Attorney. Is that your understanding, that you're pleading guilty to the indictment as read by the District Attorney?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: And are you doing that after consultation with your attorney and your family?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: And are you doing that in recognition of the fact that we will not impanel a jury, this jury will not consider or decide any issues with regard to your guilt or innocence?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: We're doing that with the understanding that no witnesses will be allowed to testify to contest your guilt or innocence?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: That the only issue that will go to this jury is one of punishment for yourself for pleading guilty to the offense as alleged in the indictment?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: Do you request that I proceed forward at this time and try the case solely upon the question of punishment?
>
> Mr. Manoy: Yes, Your Honor.
>
> The Court: All right, sir. Thank you, Mr. Manoy. You may be seated. Thank you, Counsel.

From our review of the record, the colloquy quoted above consists of the only admonishments given by the trial court prior to the court's acceptance of Appellant's plea of guilty.[1] In its brief, the State

---

1. It does not appear that the trial court formally announced it was accepting the guilty plea, but proceeded with a punishment hear-

concedes that "[t]he trial court failed to admonish the appellant of the consequences of his plea of guilty and the range of punishment." After this exchange, the parties proceeded to put on punishment evidence.

In issues one and two, Appellant argues, in essence, that he received inadequate admonishments resulting in the entry of an involuntary guilty plea. Specifically, he contends that his plea was involuntary due to the trial court's failure to: (1) admonish him concerning the range of punishment attached to the subject offense; (2) determine whether his plea of guilty was voluntary; (3) conduct an inquiry into his mental capacity; (4) require that Appellant himself enter his plea of guilty rather than Appellant's trial counsel; and (5) admonish Appellant (a) of his absolute right to trial by jury on the issue of guilt or innocence, (b) of his right to confront and cross-examine adverse witnesses, (c) of his right to appeal his conviction, and (d) that he would waive his right to appeal by agreeing to plead guilty to the indictment.

■ A guilty plea entered by a defendant must be made freely and voluntarily. *See Ex parte Evans*, 690 S.W.2d 274, 276 (Tex.Cr.App.1985). Article 26.13(a) of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, the trial court shall admonish the defendant, either orally or in writing, of the consequences of entering the guilty plea. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). The reason for these admonishments is to ensure that the defendant enters his plea knowingly and voluntarily. *See Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Cr.App.1998). Specifically, the trial court must admonish a defendant of the punishment range attached to the offense before accepting the defendant's plea of guilty. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989). Aggravated robbery is a first-degree felony. The punishment for a first-degree

felony is imprisonment for life or for any term of not more than 99 years or less than five years, and a fine not to exceed $10,000.00 may be imposed. TEX. PEN. CODE ANN. § 12.32 (Vernon 1994).

■ It is clear that the court's failure to admonish Appellant of the punishment range in this case was error. However, such a failure to admonish is not "automatically reversible error, without regard to harm." *High v. State*, 964 S.W.2d 637, 638 (Tex.Cr.App.1998). Rather, we must conduct a harm analysis pursuant under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 44.2(b). *See Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex.Cr.App.1999). If the error did not affect Appellant's substantial rights, it must be disregarded. TEX.R.APP. P. 44.2(b). In determining whether a failure to comply with article 26.13 affected Appellant's substantial rights, we search the entire record for information showing whether the plea was voluntary and uncoerced, as well as information revealing Appellant's knowledge and understanding of the charges against him and the consequences of his plea. *See Anderson v. State*, 985 S.W.2d 195, 198 (Tex.App.—Fort Worth 1998, pet. ref'd); *Raney v. State*, 958 S.W.2d 867, 874 n. 6 (Tex.App.—Waco 1997, pet. dism'd). To show harm, Appellant must prove the information contained in the admonishment would likely have affected his willingness to plead guilty. *See Raney*, 958 S.W.2d at 874. In evaluating Appellant's showing of harm, we do not require Appellant to show more than that he was unaware of the consequences of his plea and that the trial court's admonishments misled or harmed him. *See Carranza*, 980 S.W.2d at 657–58; *McLaren v. State*, 996 S.W.2d 404, 405 (Tex.App.—Beaumont 1999, pet. ref'd).

■ Initially, we note that Appellant does not contend, and the record does not show, that Appellant was unaware of the

ing upon Appellant's announced plea of guilty. *See* TEX.CODE CRIM. PROC. ANN. art 26.14 (Vernon 1989).

consequences of his plea or that receiving the missing punishment admonishment would have affected his decision to plead guilty. During voir dire, the trial court, the prosecutor and defense counsel each, independently, explained the punishment range to the prospective jurors. Nothing in the record indicates that Appellant was not present during voir dire. Further, upon questioning from his attorney during the punishment hearing, Appellant testified that he understood the range of punishment connected to the charged offense.[2] He also testified that he realized that he was pleading guilty to a first-degree felony and he acknowledged that his attorney had explained the consequences of pleading guilty to him.[3] Moreover, the range of punishment was included in the court's charge to the jury, which was read in the presence of Appellant. In cases where the defendant enters his plea before the jury and then goes to the jury on punishment, the defendant may withdraw his plea at any time before the jury retires to consider its punishment verdict. *See McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Cr.App. [Panel Op.] 1978); *Abrego v. State*, 977 S.W.2d 835, 837 (Tex.App.—Fort Worth 1998, pet. ref'd). The record demonstrates that Appellant had knowledge of the applicable punishment range prior to the jury retiring to consider its punishment verdict. Appellant has not shown that the information in the missing admonishment would likely have affected his willingness to plead guilty or that the lack of information misled him in any way. Thus, we conclude that the trial court's failure to admonish Appellant pursuant to article 26.13(a)(1) did not affect his substantial rights. *See McLaren*, 996 S.W.2d at 406; *Ainsworth v. State*, 973 S.W.2d 720, 722–23 (Tex.App.—Amarillo 1998, no pet.); *Rachuig v. State*, 972 S.W.2d 170, 176 (Tex.App.—Waco 1998, pet. ref'd).

Appellant also complains that the trial court failed to conduct a sufficient inquiry to determine whether his guilty plea was voluntary and whether he was mentally competent to enter his guilty plea. Although Article 26.13(b) of the Texas Code of Criminal Procedure provides that a court may not accept a defendant's guilty plea "unless it appears that the defendant is mentally competent and the plea is free and voluntary," it is not necessary for the trial court to specifically ask a defendant whether his plea is being entered freely and voluntarily. Tex.Code Crim. Proc. Ann. art 26.13(b); *see Singleton v. State*, 986 S.W.2d 645, 652 (Tex. App.—El Paso 1998, pet. ref'd); *Rachuig*, 972 S.W.2d at 177. With regard to Appellant's mental competency, we note that Appellant did not argue in the trial court, and does not argue on appeal, that he was mentally incompetent at the time of the entry of his guilty plea. "[U]nless an issue is made of an accused's present insanity or mental competency at the time of the plea, the court need not make inquiry into appellant's mental competency, and it is not error to accept appellant's guilty plea." *Sims v. State*, 783 S.W.2d 786, 788 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (citing *Kuyava v. State*, 538 S.W.2d 627, 628 (Tex.Cr.App.1976)).

Furthermore, as part of its evaluation of whether Appellant should be certified to stand trial as an adult, the trial court "ordered and obtained a Psychological Examination, complete Diagnostic Study, Social Evaluation, and full evaluation of the child, his circumstances and circumstances of the alleged offense." The trial court had an extended opportunity to observe Appellant both during the certification hearing and during the punishment hearing. Appellant's testimony at both hearings was lucid and understanda-

2. Q: And I explained the range of punishment to you, five to ninety-nine or life. You have twelve people from Henderson County sitting over there who are going to punish you?

  A: Yes, sir.

3. Q: And you realize that you plead guilty to a first degree felony?
  A: Yes, sir.
  Q: And I explained what the consequences of doing that would be to you?
  A: Yes, sir.

ble. Under questioning by the trial court, Appellant informed the court that he desired to plead guilty and understood that the jury would only determine punishment. The trial court's charge on punishment shows that the court found Appellant to be mentally competent and that he entered his plea freely and voluntarily. Appellant did not object to this recitation in the charge. In its judgment, the trial court stated that it found Appellant mentally competent. The trial court's representations in the charge and judgment raise a strong presumption that the trial court found Appellant to be mentally competent and that he was acting freely and voluntarily when he entered his plea. *See Rachuig*, 972 S.W.2d at 177. These recitations are binding on Appellant "in the absence of direct evidence to the contrary, and the Appellant has the burden of overcoming the presumptions raised by the record...." *Singleton*, 986 S.W.2d at 652. Having reviewed the record, we conclude that Appellant has not overcome the presumptions raised by the recitations and other evidence in the record. Therefore, we hold that the trial court adequately satisfied itself that Appellant was mentally competent and that his plea was free and voluntary. *See Rachuig*, 972 S.W.2d at 177.

■ Appellant next contends that the trial erred in not requiring Appellant to personally enter his plea. We disagree. TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989) requires that a plea of guilty in a felony case be made in open court by the defendant in person. The record reflects that Appellant was present in court when the guilty plea was made. While it is true that Appellant's trial counsel did respond, "Guilty," to the trial court's initial inquiry, Appellant responded affirmatively when asked whether it was his understanding that he was "pleading guilty to the indictment as read by the District Attorney." Appellant also responded affirmatively to questions asking whether he understood that a jury would not decide issues with regard to his guilt or innocence and whether he understood that the only issue to be

decided was one of punishment for "pleading guilty to the offense as alleged in the indictment." No evidence in the record shows that Appellant was confused or did not want to plead guilty. *See Munoz v. State*, 840 S.W.2d 69, 73 (Tex.App.—Corpus Christi 1992, pet. ref'd). Under these circumstances, we conclude that the requirements of article 27.13 were fulfilled. *See Shields v. State*, 608 S.W.2d 924, 927 (Tex.Cr.App.1980); *Adkison v. State*, 762 S.W.2d 255, 257–60 (Tex.App.—Beaumont 1988, pet. ref'd). Thus, we overrule this contention.

■ Appellant further complains that the trial court erred in failing to admonish him: (1) of his absolute right to trial by jury on the issue of guilt or innocence; (2) of his right to confront and cross-examine adverse witnesses; (3) of his right to appeal his conviction; and (4) that he would waive his right to appeal by agreeing to plead guilty to the indictment. For several reasons, we disagree with Appellant's assertion that the trial court erred in failing to admonish him of his absolute right to trial by jury on the issue of guilt or innocence and his right to confront and cross-examine adverse witnesses. First, the trial court asked Appellant if he understood that the jury would not "decide any issues with regard to guilt or innocence." The implication in the trial court's inquiry was that Appellant had a right to have the jury determine guilt or innocence. Second, Appellant does not contend that he was unaware of these rights, that the trial court's admonishments misled him in any way, or that he would not have pled guilty had he been specifically admonished concerning these rights. Finally, and most important, a trial court is not required to make these inquiries. *See Decker v. State*, 570 S.W.2d 948, 951 (Tex.Cr. App.1978). A trial court is not required to "instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant." *Rose v. State*, 465 S.W.2d 147,

149 (Tex.Cr.App.1971). For these reasons, we overrule these contentions.

We also disagree with Appellant's assertion that the trial court erred when it failed to admonish him that he had the right to appeal his conviction and that he would waive his right to appeal by agreeing to plead guilty to the indictment. When no plea bargain exists and a guilty plea is knowingly and voluntarily entered, all non-jurisdictional defects, including claimed deprivations of federal due process, are waived. *See Hines v. State,* 822 S.W.2d 790, 791 (Tex.App.—Corpus Christi 1992, pet. ref'd). When a defendant makes an open plea of guilty, the trial court is not required to admonish him that the appeal will be limited to jurisdictional issues. *Id.; see* TEX.CODE CRIM PROC. ANN. article 26.13(a)(1)-(4) (Vernon 1989). Only where the defendant, his counsel, or the trial judge mistakenly believe that an appeal is in order is the trial judge required to clear up the misconception and warn the defendant of the consequences of his plea. *See Reid v. State,* 846 S.W.2d 585, 586 (Tex.App.—Houston [14th Dist] 1993, pet. ref'd). Appellant has failed to show that he, his counsel or the trial court were under such a misconception. Neither at the time he entered his plea nor when he was sentenced by the court did Appellant or his trial counsel indicate to the trial court that he intended to appeal. Accordingly, we overrule these contentions.

In issues one and two, Appellant also contends that because the trial court was aware that Appellant intended to plead guilty prior to voir dire, the trial court erred in failing to admonish him prior to impaneling a jury to assess punishment. We disagree. The trial court need not admonish a defendant until a plea has been made. *See King v. State,* 501 S.W.2d 893, 893-94 (Tex.Cr.App.1973); TEX. CRIM PROC. ANN. art 26.13(a) (Vernon 1989). No plea was entered prior to the impaneling of the jury nor did Appellant request that he be allowed to enter his plea at that time. Because the trial court was only aware of Appellant's *intention* to plead guilty prior to impaneling the jury, the trial court was not required to admonish the defendant at that point in the proceedings.

Finally, Appellant contends in issues one and two that once the jury was impaneled, the trial court erred in failing to conduct a hearing outside the presence of the jury to admonish him of the range of punishment, to determine if he was entering his plea freely and voluntarily and to determine if he was mentally capable of understanding the consequences of a plea of guilty to the charged offense. However, Appellant did not request a hearing outside the presence of the jury nor did he object to being admonished in front of the jury. Consequently, we conclude that Appellant has failed to preserve this issue for appellate review. *See Stewart v. State,* 473 S.W.2d 495, 496-97 (Tex.Cr.App.1971) (failure to object to arraignment in front of jury waives any error); *see also* TEX.R.APP. P. 33.1(a); *Green v. State,* 682 S.W.2d 271, 275 (Tex.Cr.App.1984) (failure to make a timely objection waives any error on appeal). Further, as discussed above, Appellant was aware of the range of punishment, he did not argue that he was mentally incapable of entering his plea and he has failed to overcome the presumption raised by the record that his plea was entered voluntarily. Moreover, Appellant has failed to show how he was harmed by the failure to admonish him outside the presence of the jury. *See* TEX.R.APP. P. 44.2(b) (error not affecting substantial rights must be disregarded). Based on all of the foregoing, we overrule Appellant's first and second issues.

## III. INEFFECTIVENESS OF COUNSEL

In issue three, Appellant argues that he was denied the effective assistance of counsel resulting in an involuntary plea of guilty. Specifically, Appellant contends that his counsel was ineffective because he: (1) failed to request a hearing outside the presence of the jury so that the required

admonishments could be delivered by the trial court; (2) failed to request a hearing to determine the voluntariness of the plea and the mental capacity of Appellant to enter such a plea; and (3) failed to request the trial court to admonish Appellant of the range of punishment attached to the offense. Further, Appellant contends that his counsel was ineffective because, during the punishment hearing, counsel sought to show that Ross, rather than Appellant, shot Hester. Appellant contends that counsel did so despite the fact that counsel had advised Appellant to waive a jury trial on the issue of guilt or innocence and to plead guilty to the indictment which charged Appellant with shooting Hester. Appellant argues that counsel's actions in this regard were ineffective because issues such as "the guilt of Appellant" and "responsibility for acts of another" should have been raised at the guilt-innocence phase of the trial rather than for the first time at cross-examination of witnesses during the punishment phase. Appellant asserts that "[b]ut for the unprofessional and ineffective assistance of trial counsel," he would not have entered a plea of guilty nor waived his right to trial by jury to determine his guilt or innocence. Appellant also asserts that had these issues been presented at the guilt-innocence phase, he could have been acquitted of the charges alleged in the indictment, the trial court could have charged the jury "on parties to crime and criminal culpability" and if Appellant had been found guilty, his punishment might have been less severe.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-step test for analyzing an ineffective assistance of counsel claim. The *Strickland* analysis also comprises the standard of review when there is a challenge to a guilty plea based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985). Under the first prong, a defendant must demonstrate that his attorney's performance fell below an objective standard of reasonable-

ness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064–65; *Hill*, 474 U.S. at 57, 106 S.Ct. at 369–70. Once a defendant meets this burden, he must next show "that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted upon going to trial." *Hill*, 474 U.S. at 57, 106 S.Ct. at 369–70; *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Cr.App.1987). A defendant's election to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *See Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Cr.App. 1991).

When a claim of ineffective assistance of counsel is reviewed on appeal, an appellate court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Cr.App.1994). Consequently, allegations of ineffective assistance must be firmly founded in the record. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Cr.App.1983). When the record contains no evidence of the reasons for counsel's actions we need not speculate on the reasons for them. *See Jackson*, 877 S.W.2d at 771. Under *Strickland*, the appellant must prove ineffective assistance by a preponderance of the evidence. *Id.*

We disagree with Appellant's assertions that his counsel was ineffective because he: (1) failed to request a hearing outside the presence of the jury so that the required admonishments could be delivered by the trial court; (2) failed to request a hearing to determine the voluntariness of the plea and the mental capacity of Appellant to enter such a plea; and (3) failed to request the trial court to admonish Appellant of the range of punishment attached to the offense. Appellant has not directed us to any place in the record, such as a motion for new trial or other hearing, that would

indicate counsel's reasoning in choosing not to make these requests. *See Jackson*, 877 S.W.2d at 771; *Howland v. State*, 966 S.W.2d 98, 104–05 (Tex.App.—Houston [1st Dist.] 1998), *aff'd*, 990 S.W.2d 274 (Tex.Cr.App.1999). Thus, Appellant cannot satisfy his burden of overcoming the strong presumption of attorney competence. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Cr.App.1998) (record on direct appeal usually inadequate to evaluate ineffective assistance of counsel claims); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Cr.App.1997) (same plus ineffective assistance of counsel claims usually require additional evidence developed in a habeas corpus proceeding). In sum, without evidence in the record concerning counsel's reasons for not making these requests, we cannot conclude that counsel's actions fell below an objective standard of reasonableness. *Id.*

Furthermore, assuming counsel advised Appellant to waive a jury trial and to plead guilty to the indictment, we cannot conclude that counsel was ineffective in advising such a course. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX. PEN.CODE ANN. § 7.01(a) (Vernon 1999). A person is criminally responsible for an offense committed by another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX. PEN.CODE ANN. § 7.02(a)(2) (Vernon 1999). Thus, under the law of "parties,"even if Appellant was not the person who actually shot Hester, he was still criminally responsible for the aggravated robbery charged in the indictment. Accordingly, it would not be unreasonable to enter a plea of guilty to the charged offense and then present mitigating evidence at the punishment phase in support of a request for a less severe sentence. Appellant's counsel communicated this very reasoning during a discussion with the trial judge when he explained that Appellant was pleading guilty "under the law of parties" and that, during the punishment phase, he was attempting to present the issue of "who actually bore the responsibility" for the shooting. This discussion between counsel and the trial judge is the only evidence in the record indicating counsel's reasoning in advising Appellant to plead guilty to the indictment. Because the record shows that there was a plausible basis for counsel's actions, we hold that Appellant has failed to satisfy the first prong of *Strickland*. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064–65.

For the foregoing reasons, Appellant has failed to establish that his guilty plea resulted from the erroneous advice of counsel. Accordingly, Appellant has not demonstrated that his guilty plea was entered involuntarily. We overrule issue three.

## IV. SUFFICIENCY OF THE EVIDENCE

In issue four, Appellant contends that the trial court erred in accepting his plea of guilty because the evidence was insufficient to prove every element of the offense of aggravated robbery. Specifically, Appellant complains that the evidence was insufficient to prove that Appellant "committed theft of property or attempted to obtain and maintain control of property." "A plea of guilty before a jury admits the existence of all incriminating facts necessary to establish guilt." *Helton v. State*, 886 S.W.2d 465, 466 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *see Ex parte Williams*, 703 S.W.2d 674, 678 (Tex.Cr.App.1986). Because Appellant's plea was to the jury rather than the court, there was no need for the State to introduce evidence showing his guilt. *See Williams v. State*, 674 S.W.2d 315, 318 (Tex.Cr.App.1984) ("[E]ntry of a plea of guilty before a jury establishes a defendant's guilt except where evidence demonstrates his innocence. The introduction of evidence is not to determine guilt but is to enable the jury to intelligently exercise

discretion in determining the appropriate punishment." [citations omitted] ). Appellant's plea of guilty was conclusive as to his guilt and he may not challenge the sufficiency of the evidence on appeal. *See Ex parte Williams,* 703 S.W.2d at 678; *Stahle v. State,* 970 S.W.2d 682, 688 (Tex. App.—Dallas 1998, pet. ref'd); *Helton,* 886 S.W.2d at 466. Appellant's fourth issue is overruled.

The judgment of the trial court is *affirmed.*