NO. 12-00-00262-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LAWRENCE WILSON,
§
 APPEAL FROM THE 7TH

APPELLANTS



V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEES
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Lawrence Wilson ("Appellant") appeals his conviction for burglary of a habitation. 
Appellant pleaded guilty to the trial court without a plea bargain and was sentenced to twelve years
of imprisonment. Appellant challenges the voluntariness of his plea of guilty in two issues. We
affirm.


Procedural Background and Issue


 Initially, the State offered Appellant a plea bargain of eight years. At a bench conference,
the trial judge indicated that he would not accept that plea bargain if offered to the court. The court's
policy was to not accept a plea bargain after the case was set on the trial docket. Appellant
subsequently pleaded guilty without a plea bargain. Appellant maintains that he was confused by
the manner in which the court admonished him as to the punishment range of the offense to which
he was pleading guilty. He maintains this rendered his plea involuntary. Appellant also contends
that the trial court was improperly involved in the plea bargain negotiations, and as a result, he was
denied due process of law. The record does not support Appellant's contentions.


The Record


 Appellant was indicted for burglary of a habitation which carries a punishment range of two
to twenty years of imprisonment and a $10,000.00 fine. The indictment was enhanced with a prior
conviction which escalated the punishment range to five to ninety-nine years or life imprisonment
and a $10,000.00 fine. The trial judge advised Appellant that since his case was now set on a trial
docket that a plea bargain agreement with the State would not be entertained. The judge admonished
Appellant that the range of punishment for the enhanced offense was "2 to 99 years" and that the
range of punishment for the underlying offense was two to twenty years and a $10,000.00 fine. The
State advised the court that the correct punishment for the enhanced offense was "5 to 99 or life,"
and the judge corrected himself. The indictment was read, and Appellant entered a plea of guilty
after which the trial judge again advised him of the punishment range of the underlying offense. The
enhancement paragraph was read, and Appellant entered a plea of true. The court did not again
admonishment him of the punishment range of the enhanced offense, but admonished him of his
rights to a jury trial and questioned him as the voluntariness of his plea and his understanding of the
proceedings. Appellant stated that he understood and was fully aware of his actions.


Conclusion


 Appellant has not demonstrated how the trial judge erred in his admonishments or was
improperly involved in plea negotiations. The trial judge's statement that he would not entertain a
plea bargain after the case was set on a trial docket does amount to be involved in plea negotiations.
The record does not support Appellant's contention and there is nothing further for us to review. The
record does reflect that the judge incorrectly said the enhanced punishment was from "2 to 99 years;"
however, the prosecutor immediately brought it to the judge's attention, and he corrected himself. 
Appellant did not object or request a restatement. Consequently, we conclude that Appellant has
failed to preserve an issue for appellate review. See Manoy v. State, 7 S.W.3d 771, 779 (Tex.
App.-Tyler 1999, no pet.); see also Tex. R. App. P. 33.1(a); Green v. State, 682 S.W.2d 271, 275
(Tex. Crim. App. 1984) (failure to make a timely objection waives any error on appeal). 
Furthermore, Appellant stated that he was aware of the range of punishment, he did not argue that
he was mentally incapable of entering his plea and he has failed to overcome the presumption raised
by the record that his plea was entered voluntarily. (1) Based on the foregoing, we overrule Appellant's
first and second issues.

 The judgment of the trial court is affirmed.




Opinion delivered September 19, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
























(DO NOT PUBLISH)
1. Furthermore, Appellant has failed to show how he was harmed by the mistake and the correction of the
trial judge or the twelve year sentence which was within the punishment range of the original and enhanced offense. 
See Tex. R. App. P. 44.2(b) (error not affecting substantial rights must be disregarded).