In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-010 CR


____________________



DERRICK DEWAYNE WYNN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-040681-R






MEMORANDUM OPINION


 Derrick Dewayne Wynn appeals his conviction and sentence for the state jail felony
offense of forgery. See Tex. Pen. Code Ann. § 32.21(d) (Vernon Supp. 2006). On appeal,
Wynn claims the trial court failed to admonish him as to the proper range of punishment and
failed to determine Wynn's mental competency and the voluntariness of his plea. We affirm.

 Wynn pled guilty to the trial judge on September 16, 2005. Wynn acknowledged
reading and understanding the written plea admonishments and stated that he understood the
offense was punishable by up to two years' confinement in the state jail and a $10,000 fine.
See Tex. Pen. Code Ann. § 12.35(a), (b) (Vernon 2003). The written admonishments Wynn 
received that day substantially comply with the admonishments required by statute. See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2006). In that hearing, the parties
presented agreed punishment recommendations that Wynn be placed on regular community
supervision. In a hearing conducted October 31, 2005, the trial court noted that the
presentence investigation report revealed prior convictions, refused the plea bargain
agreement, and permitted Wynn to withdraw his plea. On December 19, 2005, Wynn pled
guilty before a jury. Wynn acknowledged that he had an absolute right to have the jury
determine his guilt or innocence, and executed a written waiver of jury trial. Wynn also
acknowledged that he had the right to require the State to produce the witnesses and prove
his guilt beyond a reasonable doubt. During jury selection, both the prosecutor and defense
counsel mentioned the punishment range for the offense. The jury assessed punishment at
fifteen months of confinement in a state jail facility and a fine of $1,506.31. Wynn filed a
motion for new trial "in the interests of justice" but did not mention the issues raised in his
appellate brief.

 On appeal, Wynn contends the trial court totally failed to admonish him on the range
of punishment applicable to the offense, as required by Article 26.13(a)(1). See Tex. Code
Crim. Proc. Ann. art. 26.13(a)(1). Two recent opinions by the Texarkana Court of Appeals
hold that a trial-level objection is required to preserve the issue for appellate review. See
Bessey v. State, 199 S.W.3d 546, 552 (Tex. App.--Texarkana 2006, pet. granted); Rhea v.
State, 181 S.W.3d 478, 484 (Tex. App.--Texarkana 2005, pet. ref'd), cert. denied, 126 S.Ct.
2357, 165 L.Ed.2d 283 (2006) (citing Tex. R. App. P. 33.1; Mendez v. State, 138 S.W.3d 334,
342 (Tex. Crim. App. 2004)). The Court of Criminal Appeals granted petition for review in
Bessey, and Wynn's case fits squarely within the other holding in Rhea; namely, that any
error in failing to admonish the appellant was harmless. See Rhea, 181 S.W.3d at 485-86. 
We will assume that Wynn's complaints may be raised for the first time on appeal and
address the issue on its merits.

 Article 26.13 requires the trial court to admonish the defendant prior to accepting the
plea of guilty. Tex. Code Crim. Proc. Ann. art. 26.13(a). Wynn cites no authority that
requires the admonishments be provided at the same time the defendant enters his plea. In
this case, the trial court informed Wynn of the punishment range both orally and in writing
prior to accepting the plea of guilty. Wynn's unstated complaint is that the trial court failed
to admonish him again when Wynn waived his right to have the jury determine his guilt and
pled guilty to the jury. The only admonishment Wynn claims the trial court failed to provide
is the admonishment regarding the punishment range for the offense. Neither the passage
of time nor the switch to punishment by jury affected the applicable punishment range. We
hold the trial court substantially complied with Article 26.13 by providing the Article
26.13(a)(1) admonishment to the appellant on September 16, 2005.

 Assuming the trial court erred in failing to repeat the admonishment regarding the
punishment range when Wynn pled guilty a second time, the error is harmless. A trial court's
total failure to comply with the Article 26.13(a)(1) requirement to admonish a defendant
regarding the proper range of punishment is subject to a harm analysis. Aguirre-Mata v.
State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003). Because the failure to admonish is a
statutory, rather than constitutional, error, we may reverse only if we determine from our
examination of the record that the error affected the appellant's substantial rights. Id.; Tex.
R. App. P. 44.2(b). "The question for us to decide in applying Rule 44.2(b) to the failure to
give an admonition is, considering the record as a whole, do we have a fair assurance that the
defendant's decision to plead guilty would not have changed had the court admonished him?" 
Anderson v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006) (failure to admonish on sex
offender registration requirement). In this case, Wynn was already aware of the punishment
range, since it was provided to him orally and in writing at an earlier hearing, the punishment
range was discussed in jury selection, and nothing in the record indicates Wynn was unaware
of the applicable punishment range. Issue one is overruled.

 In his second issue, Wynn contends the trial court erred by failing to properly follow
the Article 26.13 requirement that no plea of guilty shall be accepted by the court "unless it
appears that the defendant is mentally competent and the plea is free and voluntary." Tex.
Code Crim. Proc. Ann. art. 26.13(b). Wynn does not challenge his actual competence or
the voluntariness of his plea, but confines his complaint to the trial court's failure to inquire
about his competence and to ask him when he entered his plea of guilty before the jury if his
plea was voluntary. If the trial court properly admonished the defendant before entry of the
plea, there is a prima facie showing that the plea was knowing and voluntary, and the burden
shifts to the defendant to establish that he pled guilty without understanding the
consequences of his plea and, consequently, suffered harm. Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998). Wynn received all of the required Article 26.13(a)
admonishments on September 16, 2005, and at that time signed a statement that he was
mentally competent. Although the trial court did not specifically inquire about Wynn's
competency and the voluntariness of his plea on December 19, 2005, "it is not necessary for
the trial court to specifically ask a defendant whether his plea is being entered freely and
voluntarily." Manoy v. State, 7 S.W.3d 771, 777 (Tex. App.--Tyler 1999, no pet.). In this
case, the trial court questioned Wynn extensively regarding his right to a jury trial and his
waiver of that right. Furthermore, "unless an issue is made of an accused's present insanity
or mental competency at the time of the plea the court need not make inquiry or hear
evidence on such issue." Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976). In
this case, there is no evidence in the record to indicate that Wynn's plea was involuntary or
that he lacked the requisite mental competence at the time of trial. Wynn spoke coherently
and intelligently with the trial court about his understanding of the proceedings and his desire
to proceed with a guilty plea. Issue two is overruled. The judgment is affirmed.

 AFFIRMED.



 _______________________________

 STEVE McKEITHEN

 Chief Justice 

 

Submitted on April 13, 2007

Opinion Delivered May 16, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.