ACCEPTED
01-15-00394-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/29/2015 6:26:13 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00394-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/29/2015 6:26:13 PM

CHRISTOPHER A. PRINE
Clerk

———◆———

No. 1397723
In the 174th District Court
Of Harris County, Texas

———◆———

# HECTOR MARIO GONZALEZ

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

———◆———

## STATE'S APPELLATE BRIEF

———◆———

DEVON ANDERSON
District Attorney
Harris County, Texas

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
State Bar Number: 24029415
akins_jessica@dao.hctx.net

ADAM BRODRICK
Assistant District Attorney
Harris County, Texas

H. C. Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.274.5826

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State waives oral argument. Appellant did not include a statement regarding oral argument in his appellate brief, nor did he include it on the front cover of his brief.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Victim:*

**Eloy Canales**

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County
**Jessica Akins** — Assistant District Attorney on appeal
**Adam Brodrick** — Assistant District Attorney at trial

*Appellant or criminal defendant:*

**Hector Mario Gonzalez**

*Counsel for Appellant:*

**Sidney Crowley** — Counsel on appeal
**R.P. "Skip" Cornelius** — Counsel at trial

*Trial Judge:*

**Honorable Ruben Guerrero** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.........................................................i

IDENTIFICATION OF THE PARTIES ....................................................................i

INDEX OF AUTHORITIES.....................................................................................iii

STATEMENT OF THE CASE....................................................................................1

STATEMENT OF FACTS ..........................................................................................1

SUMMARY OF THE ARGUMENT...........................................................................3

REPLY TO APPELLANT'S SOLE ISSUE.................................................................3

Appellant has not shown he was harmed by the trial court's failure
to admonish him on the range of punishment prior to his guilty plea.

CONCLUSION ...........................................................................................................7

CERTIFICATE OF SERVICE ...................................................................................8

CERTIFICATE OF COMPLIANCE ..........................................................................8

# INDEX OF AUTHORITIES

## CASES

*Aguirre–Mata v. State,*
   992 S.W.2d 495 (Tex. Crim. App. 1999)...............................................................................3

*Manoy v. State,*
   7 S.W.3d 771 (Tex. App.—
   Tyler 1999, no pet.)....................................................................................................4, 6

*McLaren v. State,*
   996 S.W.2d 404 (Tex. App.—
   Beaumont 1999, pet. ref'd)...........................................................................................5

*Rachuig v. State,*
   972 S.W.2d 170 (Tex. App.—
   Waco  1998, pet. ref'd)..................................................................................................5

*Raney v. State,*
   958 S.W.2d 867 (Tex. App.—
   Waco 1997, pet. dism'd)...............................................................................................4

## STATUTES

Tex. Code Crim. Proc. Ann.
   art. 26.13(a)(1) (West 2013).........................................................................................3

## RULES

Tex. R. App. P. 38.2(a)(1)(A)..........................................................................................i

Tex. R. App. P. 39.1.........................................................................................................i

Tex. R. App. P. 44.2(b)..................................................................................................4, 6

Tex. R. App. P. 9.4(g) ......................................................................................................i

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of aggravated robbery. (CR 9). After a jury was impaneled, he pled guilty to the offense. (CR 37; RR III 3-5). The jury found the enhancement paragraph true and sentenced appellant to 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (CR 46, 49).

———————◆———————

## STATEMENT OF FACTS

On the afternoon of August 11, 2013, the victim in this case, Eloy Canales, went to a local car wash. (RR IV 11-15, 31). He parked his car and was utilizing one of the spray nozzles to clean out some containers when he saw a truck drive up. (RR IV 14-15). Appellant jumped out of the truck and approached Eloy holding a shotgun. (RR IV 16-18; State's Exhibit Number 1). Appellant racked the shotgun and placed it on Eloy's chest; appellant instructed Eloy to give him his cell phones, wallet and car keys, which he did. (RR IV 20-21). Appellant threw his car keys in the street before fleeing the scene, enabling Eloy to drive home and call the police. (RR IV 21-22).

Officer Rohm met with Eloy and obtained the suspect and vehicle descriptions from him. (RR IV 27-31). Based on this information, Officer Mitchell located appellant, who initially evaded and fought him; Mitchell eventually apprehended appellant and he was identified by Eloy Canales. (RR IV 37, 85-117; State's Exhibit Number 1).

Police learned that appellant had committed two other similar aggravated robberies on this same day, where he approached individuals at public places, threatened them with a shotgun and demanded their property. (RR IV 42-51, 54-61, 69-79; State's Exhibit Number 1). These victims were able to identify appellant as the perpetrator. (RR IV 48, 61; State's Exhibit Number 1). The stolen property of Eloy Canales, as well as the other victims, was found inside appellant's truck. (RR IV 107-111). A shotgun and shotgun shells were also located inside appellant's truck. (RR IV 116).

The State presented evidence of another extraneous aggravated robbery, committed against Olga Rubalcava. (RR V 3-14). She identified appellant in court as the perpetrator and testified he threatened her family with a shotgun and took their property. (RR V 9-13). The State also presented evidence that appellant was previously convicted of robbery, in the 180th District Court of Harris, on September 23, 2011, in Cause Number 1292654. (RR IV 3, 6-7; State's Exhibit Numbers 51 & 55). Appellant testified that he did not commit this robbery, but

admitted he pled guilty. (RR V 33-37, 53-55; State's Exhibit Number 51). Appellant also admitted he committed the three aggravated robberies on August 11, 2013, as well as other robberies, but he could not recall them all due to his drug use. (RR V 59-63).

———————◆———————

## SUMMARY OF THE ARGUMENT

Appellant has not shown he was harmed by the trial court's failure to admonish him on the range of punishment prior to his guilty plea.

———————◆———————

## REPLY TO APPELLANT'S SOLE ISSUE

In his sole issue on appeal, appellant claims the trial court erred by failing to admonish him on the full range of punishment prior to his guilty plea. There is no indication in the record that verifies the trial court admonished appellant of the range of punishment as required by Article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West 2013).

A trial court's error in failing to show on the record that it admonished a guilty-pleading defendant on the range of punishment is non-constitutional error, subject to the harm analysis under Rule 44.2(b). *See Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) (admonishments embodied in Article

3

26.13(a), Texas Code of Criminal Procedure, are not constitutionally required); TEX. R. APP. P. 44.2(b) (if the error does not affect the appellant's substantial rights, it must be disregarded).

In determining whether a failure to comply with statutory admonishment requirements affected appellant's substantial rights, this Court should review the entire record for information showing whether the plea was voluntary and uncoerced, as well as information revealing appellant's knowledge and understanding of the charges against him and the consequences of his plea. *See Manoy v. State*, 7 S.W.3d 771, 776 (Tex. App.—Tyler 1999, no pet.). To show harm, appellant must prove the information contained in the admonishment would likely have affected his willingness to plead guilty. *See Raney v. State*, 958 S.W.2d 867, 874 (Tex. App.—Waco 1997, pet. dism'd).

At the time appellant indicated to the trial court he was going to plead guilty, defense counsel assured the trial court that he had talked with appellant about the punishment phase at length and discussed the implications of the numerous extraneous offenses with appellant. (RR II 3-5). Afterward, the parties proceeded with voir dire, and then appellant pled guilty to the jury. (RR II 4; RR III 3-5).

Although the trial court did not admonish appellant on the range of punishment prior to his guilty plea, this information was prevalent throughout the

4

record. During voir dire, the prosecutor for the State talked to the panel about the range of punishment in this particular case. (RR II 28-29). He explained the minimum punishment for aggravated robbery was five years and the maximum punishment was 99 years or life imprisonment and asked each juror if they could consider the full range of punishment. (RR II 28-34). Defense counsel then expanded upon this subject during voir dire, reiterating that the range of punishment in this case was 5-99 years or life imprisonment, and depending on the circumstances, possibly 15 years to life imprisonment. (RR II 78).

Statements by the prosecutor and defense counsel during voir dire, prior to a defendant's guilty plea, have been used to demonstrate a defendant had knowledge of the range of punishment in his case. *See McLaren v. State*, 996 S.W.2d 404, 406 (Tex. App.—Beaumont 1999, pet. ref'd) (trial court's failure to admonish defendant on the range of punishment did not affect his substantial rights where the record of the voir dire examination affirmatively showed defendant had knowledge of the applicable punishment range prior to the entry of his plea); *Rachuig v. State*, 972 S.W.2d 170, 176 (Tex. App.—Waco 1998, pet. ref'd) (record indicated defendant had full knowledge of the applicable range of punishment where such was stated during voir dire).

In closing argument, defense counsel urged the jury to find the enhancement allegation not true, which would triple the minimum of 5 years to 15 years, based

5

on appellant's testimony that he did not commit the robbery. (RR V 88-89). The State asked the jury for a sentence of life imprisonment, based on the number and severity of the robberies committed by appellant. (RR V 91-97). The range of punishment was included in the court's charge to the jury, which was read in the presence of appellant. (CR 39-40). *See Manoy*, 7 S.W.3d at 776 (error in trial court's failure to admonish defendant of punishment range prior to accepting guilty plea to first-degree felony of aggravated robbery was harmless, where record showed that defendant was informed of applicable punishment range before jury retired to consider its verdict, and defendant did not show that his willingness to plead guilty would have been affected had he been properly admonished).

The jury found the prior enhancement true and sentenced appellant to 30 years imprisonment. (RR V 97-98). This sentence is on the lower end of his range of punishment, 15-99 years. The evidence of appellant's guilt on the charged offense, as well as the extraneous offenses, was strong.

Appellant has not shown the information regarding the range of punishment would have affected his willingness to plead guilty. Thus, the trial court's error is harmless. TEX. R. APP. P. 44.2(b). Appellant's sole issue should be overruled.

———————◆———————

## CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
State Bar Number: 24029415
akins_jessica@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to appellant's attorney at the following address on October 29, 2015:

Sidney Crowley
Attorney at Law
214 Morton Street
Richmond, Texas 77469
jcrowl@windstream.net

/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
State Bar Number: 24029415
akins_jessica@dao.hctx.net

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated document has a word count of <u>1867</u> words, based upon the representation provided by the word processing program that was used to create the document.

/s/ *Jessica Akins*

JESSICA AKINS
Assistant District Attorney
Harris County, Texas