Manuel Garcia RAMOS, Appellant,

v.

The STATE of Texas, State.

No. 2–98–493–CR.

Court of Appeals of Texas,
Fort Worth.

April 26, 2001.

Law Offices of Jack V. Strickland, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Sect.; Debra Ann Windsor, Camille Higgins Sparks, Asst. Dist. Attorneys, Fort Worth, for Appellee.

Panel A: CAYCE, C.J., HOLMAN and GARDNER, JJ.

## OPINION

GARDNER, Justice.

### I. INTRODUCTION

Appellant Manuel Garcia Ramos appeals his conviction for the offenses of intoxication manslaughter and felony driving while intoxicated. In twenty points of error, Appellant contends that his trial counsel rendered ineffective assistance, that the trial court reversibly erred by failing to admonish him of the applicable range of punishments, and that the trial court erred by admitting evidence that Appellant had no driver's license at the time of the accident due to his failure to pay the reinstatement fee, thereby creating an irrelevant and inadmissible inference of poverty. We affirm.

### II. FACTUAL BACKGROUND

The facts of this case are undisputed. At approximately 6:00 p.m. on September 20, 1997, Appellant was seen driving eastbound on Loop 820 in Fort Worth at a high rate of speed. Witnesses estimated that Appellant was driving erratically at between 85 and 95 miles per hour. Appellant lost control of his vehicle, fishtailed into the median, rolled, and was launched into the westbound lane of traffic. Appellant's airborne vehicle landed on top of Neil Snape's car, killing him instantly. Appellant suffered severe injuries, but survived. Toxicology tests revealed Appellant's blood-alcohol concentration was between two and three times the legal limit, and Appellant's blood tested positive for the presence of cocaine.

Appellant was indicted on November 13, 1997, by a two-count indictment alleging the offenses of intoxication manslaughter and felony driving while intoxicated. Additionally, the indictment alleged the use of a deadly weapon and two additional prior DWI convictions. Appellant pleaded guilty to both the intoxication manslaughter and felony DWI charges and elected to have a jury assess his punishment. The jury assessed punishment at 20 years' confinement on the intoxication manslaughter conviction and 10 years' confinement on the felony DWI conviction. Additionally, the jury made an affirmative finding that Appellant had used or exhibited a deadly weapon during the commission of the intoxication manslaughter offense.

### III. DISCUSSION

#### A. Article 26.13 Admonishment on Range of Punishment

In his first point on appeal, Appellant complains that the trial court failed to admonish him of the range of punishment as required by article 26.13 of the Texas Code of Criminal Procedure. Article 26.13(a)(1) states that, before accepting a defendant's guilty plea, the court shall admonish him of the range of punishment attached to the offense. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2001). The record reflects that the trial court, indeed, failed to give Appellant this admonishment. The range of punishment Appellant faced for intoxication manslaughter was 2 to 20 years' confinement, and the range for felony driving while intoxicated was 2 to 10 years' confinement. TEX. PENAL CODE ANN. §§ 12.33, 12.34, 49.08, 49.09 (Vernon 1994 & Supp.2001).

Contrary to Appellant's contentions, a trial court's failure to comply with

article 26.13 by failing to admonish a defendant of the range of punishment for an offense, albeit error, does not result in automatic reversible error. *Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex.Crim. App.1999). Instead, the error is analyzed for harm under rule 44.2(b) of the Texas Rules of Appellate Procedure. *Id.* Under that rule, the error should be disregarded if it failed to affect the defendant's substantial rights. Tex.R.App. P. 44.2(b). We must examine the entire record for evidence showing whether the plea was voluntary and uncoerced, as well as information revealing the defendant's knowledge and understanding of the charges against him and the consequences of his plea. *Manoy v. State*, 7 S.W.3d 771, 776–77 (Tex.App.—Tyler 1999, no pet.); *Anderson v. State*, 985 S.W.2d 195, 198–99 (Tex.App.—Fort Worth 1998, pet. ref'd). Only if the record shows that the defendant was not aware of the consequences of his plea and that he was misled or harmed by the failure to admonish does the error affect his substantial rights. *Manoy*, 7 S.W.3d at 776–77; *Anderson*, 985 S.W.2d at 198–99.

■ Here, Appellant does not contend, and the record does not show, that he was unaware of the possible punishment for the charged offenses or the consequences of his plea or that receiving the admonishments would have affected his plea. Prior to pleading guilty, Appellant, on two occasions, signed documents as part of rejecting plea bargain offers, which showed that the "possible punishment" for intoxication manslaughter was "2–20/$10,000." *See Anderson*, 985 S.W.2d at 198–99 (holding trial court's error in failing to admonish defendant of punishment range harmless where defendant had signed documents to reject plea offers that showed correct punishment range). In addition, Appellant was present for voir dire, during which references were made by both parties to the full range of punishment Appellant faced for both intoxication manslaughter and felony driving while intoxicated. Both sides informed the jury of the full range of punishment, as well as Appellant's eligibility for community supervision, and they extensively questioned the jury to determine if they would consider the full range in assessing punishment. *See Manoy*, 7 S.W.3d at 777; *McLaren v. State*, 996 S.W.2d 404, 406 (Tex.App.—Beaumont 1999, pet. ref'd), *cert. denied*, 529 U.S. 1109, 120 S.Ct. 1963, 146 L.Ed.2d 795 (2000). Finally, Appellant was present when the trial court read the charge to the jury, which stated the punishment ranges for both intoxication manslaughter and felony DWI, and he did not ask to withdraw his plea. *See Manoy*, 7 S.W.3d at 777. The record demonstrates that Appellant's plea was voluntary and that he knew the consequences of his plea. *See id.; McLaren*, 996 S.W.2d at 406; *Anderson*, 985 S.W.2d at 198–99. Appellant has not shown that the admonishment would have affected his willingness to plead guilty or that the failure to give the admonishment misled him in any way. Thus, we conclude the trial court's failure to admonish Appellant of the punishment ranges did not affect Appellant's substantial rights. *See* Tex.R.App. P. 44.2(b); *Aguirre–Mata*, 992 S.W.2d at 499. We overrule Appellant's first point.

## B. Evidence Regarding Appellant's Lack of Texas Driver's License

In Appellant's thirteenth point, he contends that the trial court abused its discretion by admitting evidence that he did not have a Texas driver's license at the time of the offense. Appellant claims that he lacked a valid driver's license because he failed to pay a reinstatement fee. According to Appellant, this raised an inference of poverty, and poverty is not relevant at punishment.

The trial court's authority on the issue of admissibility of relevant evidence during the punishment phase of a trial is governed by section 3(a) of article 37.07 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp.2001); *Saldivar v. State,* 980 S.W.2d 475, 504 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). The plain language of the statute supports a broad interpretation in favor of the admissibility of all relevant evidence, unless the probative value of the evidence is substantially outweighed by its prejudicial effect. *Taylor v. State,* 970 S.W.2d 98, 102–03 (Tex. App.—Fort Worth 1998, pet. ref'd). An appellate court reviews a trial court's ruling on such evidence under an abuse of discretion standard. *Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App.1996). As long as the trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim. App.1990) (op. on reh'g) (recognizing that reasonable men may disagree whether in common experience a particular inference is available). A trial court abuses its discretion if, by no reasonable perception of common experience, it admits evidence that is not relevant by any reasonable interpretation or if what appears to be common experience is really no more than the operation of a common prejudice, not borne out in reason. *Id.*

Detective Banda, the detective assigned to the case, was permitted to testify, over Appellant's objection, that Appellant did not have a Texas driver's license at the time of the offense. Evidence offered outside the presence of the jury showed that Appellant did not have a driver's license, only a Texas identification card, and that he had several offenses on his driving record.

Viewing the record before us in light of Appellant's contentions, we cannot hold that the trial court abused its discretion by admitting Officer Banda's testimony regarding Appellant's lack of a driver's license at the time of the offense. First, the record does not support Appellant's claim that his lack of a license was due to his failure to pay a reinstatement fee. The copy of Appellant's driving record admitted outside the presence of the jury shows he has never had a driver's license. Second, Appellant's claim that his failure to pay the fee resulted from poverty is, likewise, unsupported by the record. To the contrary, Appellant's sister testified that, before the wreck, Appellant was a "hard working man" and that he worked construction jobs.

Furthermore, assuming arguendo that the trial court's admission of the evidence regarding Appellant's lack of a driver's license at the time of the offense was error, Appellant's substantial rights were not affected. *See* TEX.R.APP.P. 44.2(b); *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim.App.1997). As shown above in the recitation of facts, the evidence at punishment weighed heavily in favor of the jury's assessment of a harsh punishment. In brief summary, the undisputed evidence at punishment showed the following:

1. At the time of the offense Appellant's blood-alcohol concentration was .23, a level more than two times the legal limit, and his blood tested positive for cocaine.

2. Appellant drove his car at approximately 90 miles per hour before losing control, crossing the median, and flipping into oncoming traffic.

3. Appellant had two prior DWI convictions.

In light of this evidence, the trial court's admission of evidence that Appellant did

not have a driver's license at the time of the offense did not have a substantial and injurious effect on the jury's determination of Appellant's punishment. *See* Tex.R.App. P. 44.2(b); *King,* 953 S.W.2d at 271. We overrule Appellant's thirteenth point.

## C. Ineffective Assistance of Counsel

In Appellant's eighteen remaining points on appeal, he contends that his trial counsel rendered ineffective assistance. By relying solely on the record of his trial, Appellant has failed to meet his burden to prove his claims. Appellant's claim that counsel's assistance was so defective as to require a reversal has two components. First, an appellant must show that his counsel's performance was deficient; second, he must show the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 988 S.W.2d 770, 770 (Tex.Crim.App.1999).

The first component is met by showing appellant's trial counsel made errors so significant he was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. When a convicted defendant contends his trial counsel was ineffective, the defendant must show the attorney's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *Id.* at 688–89, 104 S.Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.,* a trial whose result is reliable. *Id.* at 687, 104 S.Ct. at 2064. A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* However, our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065.

A defendant must bring forward a record that supports his claim of ineffective assistance of counsel. *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim. App.1999); *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994). Allegations of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 813. The Court of Criminal Appeals recently pointed out the effect of this rule in reviewing claims raised on direct appeal.

A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation. In the majority of instances the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.

*Id.* at 813–14. Thus, the Court stated, the claims are typically better left to be raised later in an application for writ of habeas corpus. *Id.* at 814.

■ After careful review, we must reject Appellant's eighteen claims of ineffective assistance of counsel because he has failed to bring forward a record supporting his claims. Aside from numerous challenges to counsel's failure to object to certain evidence or questions, Appellant complains that his trial counsel admitted or stipulated prejudicial evidence, failed to file a motion to suppress, and failed to seek disqualification of the bailiff. However, the record of Appellant's trial is devoid of any evidence regarding his trial counsel's reasons or strategy regarding the challenged actions. Absent those explanations, Appellant has failed to overcome the presumption that the challenged actions were sound trial strategy, and his claims must fail. *See id.* at 813–14. Accordingly, we overrule Appellant's second through twelfth and fourteenth through twentieth points on appeal.[1]

## IV. CONCLUSION

Having overruled Appellant's points, we affirm the trial court's judgment.

---

1. Appellant is not without recourse. When this appeal becomes final, he may raise his claims in an application for writ of habeas corpus. *Thompson,* 9 S.W.3d at 814. Counsel may then be given an opportunity to explain his actions. After an examination of counsel's reasons for his actions, the reviewing court will be better equipped to evaluate Appellant's claims.