COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-406-CR
 
DAVID WILSON HEINZE, SR.       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, David Wilson Heinze, Sr., appeals his conviction for three
counts of aggravated sexual assault and one count of indecency with a child.
Appellant raises two points: 1) Appellant was denied effective assistance of
counsel when his trial counsel failed to timely object to obvious hearsay
testimony elicited by the State during the guilt/innocence stage of trial; and
2) Appellant was denied effective assistance of counsel during the punishment
phase when his trial counsel failed to timely object to obvious hearsay
testimony regarding an alleged extraneous offense. We affirm.
FACTS
On June 1, 2000, the Denton County District Attorney's office charged
Appellant with three counts of aggravated sexual assault and one count of
indecency with a child. Appellant pled not guilty to each count, and the case
proceeded to trial. During the guilt/innocence phase, the State offered evidence
that, on numerous prior occasions, Appellant had sexually assaulted his then
nine-year old granddaughter J.H., the complainant, when she spent the night at
her grandparents' house. The State called six witnesses to the stand and also
presented evidence of a portion of a videotaped interview of J.H. at the
Children's Advocacy Center. The jury convicted Appellant on all four counts.
During sentencing, each side called two witnesses. One of Appellant's
witnesses, Ken Keeney, discussed allegations that Appellant had previously
fondled another family member. Keeney testified that the alleged second victim
told him that the allegations were false and had never occurred. Upon hearing
all of the evidence presented, the jury sentenced Appellant to 99 years'
confinement on the first three counts and 20 years on the fourth. Appellant
filed a motion for new trial, which was overruled by operation of law. Appellant
timely filed this appeal.
INEFFECTIVE ASSISTANCE
Because both of Appellant's points question whether his trial counsel
rendered effective assistance, we will discuss them together. Appellant alleges
that his trial counsel did not provide effective assistance because he failed to
object to hearsay testimony of many State's witnesses. Specifically, Appellant's
trial counsel allegedly failed to object to hearsay testimony from Julie Heinze,
Debra Stone, Suzanne Faulkner, Rose Boehms, and a videotape of J.H. Appellant
also argues that during the punishment stage of the trial his trial counsel
failed to object to the State's elicitation of hearsay testimony regarding an
extraneous offense concerning another family member.
STANDARD OF REVIEW
We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). First, Appellant must show that his counsel's
performance was deficient; second, Appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).
In evaluating the effectiveness of counsel under the first prong, we
look to the totality of the representation and the particular circumstances of
each case. Thompson, 9 S.W.3d at 813. The issue is whether
counsel's assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at
690, 104 S. Ct. at 2066. An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny
of counsel's performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.
DISCUSSION
We note that under normal circumstances the trial record inadequately
shows insufficient assistance of counsel on direct appeal. See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) ("Under
normal circumstances, the record on direct appeal will not be sufficient to show
that counsel's representation was so deficient and so lacking in tactical or
strategic decisionmaking as to overcome the presumption that counsel's conduct
was reasonable and professional."). The court of criminal appeals explains
this general rule by stating that "[i]n the majority of cases, the record
on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel." Id. (citing Thompson,
9 S.W.3d at 813-14). The reasonableness of counsel's choices often involves
facts that do not appear in the appellate record. Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). A petition for writ of
habeas corpus usually is the appropriate vehicle to investigate ineffective
assistance claims. Id.
We have carefully reviewed Appellant's two points of ineffective
assistance of counsel and conclude that he has failed to bring forward a record
supporting his claims. The record of Appellant's trial does not contain any
evidence regarding his trial counsel's reasons or strategy regarding the
challenged actions. Absent explanations for Appellant's trial counsel's reasons
for not objecting, Appellant has failed to overcome the presumption that the
challenged actions were sound trial strategy, and his claims must fail. See
Ramos v. State, 45 S.W.3d 305, 311 (Tex. App.--Fort Worth 2001, pet. ref'd).
CONCLUSION
We overrule Appellant's points on appeal and affirm the trial court's
judgment.
 
          
           
           
           
           
SAM J. DAY
          
           
           
           
           
          
JUSTICE
 
PANEL B: DAY, DAUPHINOT, and WALKER, JJ.
DO NOT PUBLISH
TEX. R. APP. P.
47.2(b).
[DELIVERED MARCH 20, 2003]

1. See TEX. R. APP.
P. 47.4