heinze v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-406-CR

DAVID WILSON HEINZE, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, David Wilson Heinze, Sr., appeals his conviction for three counts of aggravated sexual assault and one count of indecency with a child.  Appellant raises two points:  1) Appellant was denied effective assistance of counsel when his trial counsel failed to timely object to obvious hearsay testimony elicited by the State during the guilt/innocence stage of trial; and 2) Appellant was denied effective assistance of counsel during the punishment phase when his trial counsel failed to timely object to obvious hearsay testimony regarding an alleged extraneous offense.  We affirm.

FACTS

On June 1, 2000, the Denton County District Attorney’s office charged Appellant with three counts of aggravated sexual assault and one count of indecency with a child.  Appellant pled not guilty to each count, and the case proceeded to trial.  During the guilt/innocence phase, the State offered evidence that, on numerous prior occasions, Appellant had sexually assaulted his then nine-year old granddaughter J.H., the complainant, when she spent the night at her grandparents’ house.  The State called six witnesses to the stand and also presented evidence of a portion of a videotaped interview of J.H. at the Children’s Advocacy Center.  The jury convicted Appellant on all four counts. During sentencing, each side called two witnesses.  One of Appellant’s witnesses, Ken Keeney, discussed allegations that Appellant had previously fondled another family member.  Keeney testified that the alleged second victim told him that the allegations were false and had never occurred.  Upon hearing all of the evidence presented, the jury sentenced Appellant to 99 years’ confinement on the first three counts and 20 years on the fourth.  Appellant filed a motion for new trial, which was overruled by operation of law.  Appellant timely filed this appeal.

INEFFECTIVE ASSISTANCE

Because both of Appellant’s points question whether his trial counsel rendered effective assistance, we will discuss them together.  Appellant alleges that his trial counsel did not provide effective assistance because he failed to object to hearsay testimony of many State’s witnesses.  Specifically, Appellant’s trial counsel allegedly failed to object to hearsay testimony from Julie Heinze, Debra Stone, Suzanne Faulkner, Rose Boehms, and a videotape of J.H.  Appellant also argues that during the punishment stage of the trial his trial counsel failed to object to the State’s elicitation of hearsay testimony regarding an extraneous offense concerning another family member.

STANDARD OF REVIEW

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
Appellant must show that his
 counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

DISCUSSION 

We note that under normal circumstances the trial record inadequately shows insufficient assistance of counsel on direct appeal.  
See Bone v. State
, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (“Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional.”).  The court of criminal appeals explains this general rule by stating that “[i]n the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.”  
Id.
 (citing 
Thompson
, 9 S.W.3d at 813-14).  The reasonableness of counsel's choices often involves facts that do not appear in the appellate record.  
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective assistance claims.  
Id.

We have carefully reviewed Appellant’s two points of ineffective assistance of counsel and conclude that he has failed to bring forward a record supporting his claims.  The record of Appellant's trial does not contain any evidence regarding his trial counsel's reasons or strategy regarding the challenged actions.  Absent explanations for Appellant’s trial counsel’s reasons for not objecting, Appellant has failed to overcome the presumption that the challenged actions were sound trial strategy, and his claims must fail.  
See Ramos v. State
, 45 S.W.3d 305, 311 (Tex. App.—Fort Worth 2001, pet. ref’d).  

CONCLUSION

We overrule Appellant’s points on appeal and affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL B: DAY, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

T
EX
. R. A
PP
. P. 47.2(b).

[DELIVERED MARCH 20, 2003]

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4