TERRY WAYNE BROWN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-442-CR

NO. 2-02-443-CR

TERRY WAYNE BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, Terry Wayne Brown, challenges his two convictions for aggravated assault with a deadly weapon raising three issues.  Appellant claims that: 1) he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution, Section 10 of Article 1 of the Texas Constitution, and articles 1.05 and 1.051 of the Texas Code of Criminal Procedure; 2) he was denied due process of law by his counsel at his trial in violation of the U.S. and Texas Constitutions; and 3) the trial court reversibly erred and abused its discretion in denying his motion for new trial.  We affirm the trial court’s judgment.

FACTS

Appellant went to a party for his grandmother’s birthday.  At the party, he got into an argument with his cousin, Tamiko Brown.  The argument started when Tamiko chastised Appellant for using bad language at the party.  During the day, the argument continued to escalate up to the point that Appellant pulled a gun from a briefcase he was carrying and pointed it at Tamiko’s head.  He then asked Tamiko if she wanted to die.  Tamiko’s sister, Kay Brown, attempted to get between Appellant and Tamiko in order to stop Appellant, but he turned on her and threatened her as well.  After Appellant threatened Tamiko and Kay, he left the party. 

Tamiko and Kay both filed police reports.  Appellant was arrested and charged with assault.  A jury found him guilty of two counts of aggravated assault with a deadly weapon.  The jury then sentenced Appellant to twenty years’ confinement.

STANDARD OF REVIEW

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  There is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component.  
Strickland
, 466 U.S. at 697. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

INEFFECTIVE ASSISTANCE CLAIMS

Because all three of Appellant’s issues concern whether Appellant’s trial counsel provided ineffective assistance, we will address the issues together.  In Appellant’s issues on appeal, he claims that the record shows that his counsel was ineffective primarily because she was unprepared for trial.  Appellant lists a number of examples of counsel’s alleged mistakes.  Appellant then claims that these examples reveal the extent of his trial counsel’s lack of experience and readiness at trial.

Appellant states that his counsel at trial moved for co-counsel to be appointed prior to voir dire, which the trial court denied.
  
Appellant claims that this request shows that his counsel felt unprepared to handle the defense by herself.  Appellant failed, however, to question his attorney during the hearing held on Appellant’s motion for new trial.
  
Therefore, the record fails to show defense counsel’s reasons for requesting co-counsel.  
See Mallet v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (holding that without evidence of defense counsel’s reasons for his actions, it is nearly impossible to overcome the presumption of effectiveness and the great deference we give to decisions made by defense counsel).  We hold that this instance provides no evidence of ineffective assistance.

Appellant then points to his counsel’s objection to the racial makeup of the jury.
  
Appellant claims that his counsel had no supporting facts to make this challenge.  Appellant states that this also shows that his counsel was unprepared for trial.  Appellant has failed to show how his defense was prejudiced due to this objection.
  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064 (holding that in order to satisfy the second prong for ineffective assistance claims, appellant must show that counsel's errors were so serious that they deprived the defendant of a fair trial).

Appellant next claims that the fact that his counsel made an oral request for a continuance showed that she was unprepared for trial.
  
Appellant states that his trial counsel neither moved for a continuance in writing nor did she swear to it, and she, therefore, presented nothing to the trial court.  Appellant claims that the trial court denied this motion; however, the record shows that the trial court granted this request.  Because the motion was granted, Appellant can point to no prejudice caused by the motion.  Further, Appellant has failed to provide a record which shows his counsel’s reasons for requesting the continuance.  
See Mallet
, 65 S.W.3d at 63.  We will not resort to speculation in determining trial counsel’s reason for requesting a continuance in this circumstance.  We rely on the presumption that counsel’s actions were based on sound trial strategy.  
See Ex parte Okere
, 56 S.W.3d 846, 857 (Tex. App.—Fort Worth 2001, pet. ref’d).  Appellant has failed to provide a sufficient record to prove that his trial counsel’s assistance was ineffective in this instance.  
Id.

Appellant claims that his counsel’s untimely motion for an investigator also showed unfamiliarity with the case.
  
The facts show that Appellant made this request in order to find a potential witness.
  
Again, Appellant claims that the trial court denied this motion; however, the record shows that the court allowed Appellant to hire an investigator even though the State provided Appellant with the requested information.  The witness was subpoenaed by the State and made available to Appellant.
 
 As such, Appellant’s defense at trial was not prejudiced by his counsel’s late filing of the request for an investigator.
  Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Further, Appellant has failed to show any evidence that his trial counsel would have discovered had she used due diligence.  Therefore, Appellant has failed to show that his counsel erred in this regard.

Appellant further states that his counsel provided ineffective assistance when she requested that the court appoint her as trial counsel.  This motion was also granted.  Appellant claims that this motion shows that counsel’s “failures” were likely due to a lack of payment.  Appellant has again failed to show his trial counsel’s reasons for her actions despite having the ability to do so in the motion for new trial hearing.  
See Ramos v. State
, 45 S.W.3d 305, 312 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding that appellant failed to provide a sufficient record to show his counsel’s reasons for his actions and lack of actions in order to overcome the presumption of effectiveness).

Appellant next asserts that his counsel was ineffective by making a 
Batson
 challenge.
  
Appellant claims that no legal basis existed to justify this challenge.  Appellant argues that this also showed that his counsel was not prepared for trial.  Appellant concedes that there was no legal basis for the motion, so he was not prejudiced by the filing of the motion or its denial.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant next points our attention to his counsel’s objection to allowing one of the complainants to testify in the trial.  The trial court overruled this objection, and Appellant claims that his counsel at trial offered no legal reasoning recognized under the law to support the objection.  On appeal, Appellant has not suggested any legal basis for the exclusion of the offered testimony.  Appellant merely insinuates that his trial counsel made the objection because she did not properly prepare for trial.  Appellant has again failed to show how his trial counsel’s actions prejudiced his defense in this instance.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant claims that his counsel was ineffective by failing to object to the State’s motion in limine.  The trial court granted the State’s motion in limine, which prevented both the State and Appellant from referring to the prior trial in the matter.  The trial court did allow both parties to refer to “prior proceedings” or “prior testimony” if the need arose.  Appellant has failed to show why this motion should not have been granted or how his trial counsel could have argued successfully against the motion.  Appellant has, therefore, failed to show that his counsel erred at all in this instance.  
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (“The defendant must first show that counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness.”).

Appellant then twice moved for a mistrial based on the allegedly improper admission of character evidence into the trial.  The trial court denied the motions.  Appellant claims that no basis existed for the motions.  Appellant has again failed to show how the motions for mistrial, which may have been groundless, prejudiced his defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant moved to suppress Appellant’s written statement under the rule 403 balancing test. 
 
The trial court denied the motion.  Appellant claims that the record shows that counsel waived this objection by questioning witnesses concerning the statement.  Again Appellant has failed to show his trial counsel’s reasons for her actions.  Consequently, Appellant cannot surmount the presumption of effective assistance in this circumstance.
  Ramos
, 45 S.W.3d at 312.

Appellant then moved to suppress 
his prior convictions.  The trial court overruled this motion.  Appellant claims that no legal basis existed to suppress the evidence.  Therefore, Appellant cannot show that the motion to suppress prejudiced his defense in any way.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant next states that his counsel ineffectively assisted his defense because the defense that she offered actually supported the State’s argument.  Appellant alleges that his counsel’s only defensive theory at trial was that Appellant had never actually held a gun to anyone’s head at the party.  Appellant claims that this defense opened the door to the State to introduce other possible weapons, and it supported a verdict of guilty for aggravated assault because it did not contest whether Appellant threatened his cousins with a deadly weapon.  

The evidence at trial showed that Appellant’s counsel attempted to discredit the State’s witnesses.  Counsel attempted to prove that Appellant had sold his only gun prior to the incident.  Counsel further attempted to prove that Tamiko and Kay had a motive to lie in the case.  The record shows that Appellant’s counsel did not rely solely on the defense that Appellant insinuates.
(footnote: 2)
 Even assuming that Appellant’s claim regarding his defense was true, Appellant has again failed to show counsel’s reasons for choosing this defense.  Further, Appellant has failed to provide an example of another defense that would have been available to him at trial.  Therefore, Appellant has failed to show that his trial counsel did not base her defense on legitimate trial strategy.  
Tong v. State
, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (holding that where the record is silent as to counsel’s reasons for his action, the evidence is insufficient to overcome the presumption of effective assistance of counsel).

Appellant claims that his counsel was ineffective because she failed to make any objections to the jury charges in the guilt-innocence or punishment stages of trial.  Appellant has failed to show any proper objections to the charge that his trial counsel could have made and failed to make.  Therefore, Appellant has failed to show that his counsel erred in failing to object to the charges at trial.  
Thompson
, 9 S.W.3d at 812.

Appellant states that his counsel then erred by requesting another continuance at punishment.  Apparently, both counsel and Appellant were confused as to the kind of probation he had as a result of a plea bargain for another crime.  Both thought that Appellant was on deferred adjudication instead of regular probation.  The trial court denied Appellant’s motion for continuance.  Appellant claims that this amounts to yet another example of how unprepared his counsel was.  Appellant has failed to show how this action prejudiced his defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

Appellant points to the fact that his counsel offered no additional testimony at the punishment stage of trial.  Appellant claims that this, once again, showed that his counsel failed to prepare for trial.  Appellant failed to show that any additional evidence existed, and if the evidence did exist, how that evidence would have helped in his defense.  Appellant has, therefore, failed to show that his counsel did not base her actions on legitimate trial strategy in this instance.  
See Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (holding that to prevail under 
Strickland
, appellant must first show that his counsel was deficient).

Appellant then alternatively states that his trial counsel acted unprepared in an attempt to force Appellant to plead guilty.  No evidence exists in the record that showed that the State ever offered a plea bargain in this case.  Despite this, Appellant claims that this attempt succeeded in causing Appellant to plead guilty. However, the evidence shows that Appellant did not plead guilty in this trial; instead, a jury found him guilty of both crimes.

Appellant then states that “Mr. Lane” filed no meaningful pretrial pleadings, requests or motions.  However, the record shows that “Mr. Lane” was not Appellant’s counsel at trial.  Instead, Ms. Vera Verhoeven was Appellant’s counsel at trial.  There is no evidence in the record to show that “Mr. Lane” ever participated in this trial.  We will assume that Appellant is claiming that his counsel had no meaningful discovery.

The record shows that Appellant communicated with the prosecution and had obtained the transcript from a prior trial over the same offenses that had resulted in a mistrial.  Further, Appellant’s trial counsel obtained witness lists.  Appellant provided no evidence of anything that his trial counsel failed to discover.  Appellant has provided no evidence to show how he was prejudiced regarding his counsel’s alleged failure to investigate. 

Finally, Appellant attempts to claim that his trial counsel’s failure to communicate with him before trial prevented him from accepting a plea bargain in this case.  Again, there is no evidence in the record that the State ever offered Appellant a plea bargain in this case.  Appellant does not claim that his trial counsel did not relay a plea bargain offer to him.  Therefore, Appellant has shown no prejudice with this incident.

Appellant has failed to provide any examples of ineffective assistance of counsel that could have prejudiced his defense.  Therefore, we overrule Appellant’s first issue on appeal.  Appellant's second issue, claiming that he was denied due process of law through the conduct of counsel, also fails because he has not established that his trial counsel's assistance was, in fact, ineffective.  
Ex parte Okere
, 56 S.W.3d at 857.  We, therefore, overrule Appellant’s second issue.  Because we have held that Appellant failed to prove that his counsel’s assistance was ineffective, the trial court did not err in denying Appellant’s motion for new trial based on that point.  We, therefore, overrule Appellant’s third and final issue on appeal.

CONCLUSION

Having overruled all of Appellant’s issues on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 14, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Appellant’s appellate counsel has repeatedly misstated the record in this appeal.  This court has adopted the Standards for Appellate Conduct as a part of our local rules.  We direct counsel’s attention to these rules, which specifically state that “[c]ounsel should not misrepresent, mischaracterize, misquote, or miscite the factual record.”