COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-406-CR

 

 

LUIS PONCIANO                                                                  APPELLANT

 

                                                   V.

 

STATE OF TEXAS                                                                      STATE

 

                                              ------------

 

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. Introduction

Claiming ineffective
assistance of counsel, Appellant Luis Ponciano appeals his conviction for
assault-bodily injury to a family member and two convictions for terroristic
threat of a family member.  Because the
record does not support Luis=s complaints, we affirm. 








II. Factual Background

On the day of the assault,
the complainant, Corina Ponciano, and her seven-year-old daughter Natalie
arrived home at around 2:30 or 3:00 P.M. to find her husband Luis, and his
brother-in-law Andrew already drinking. 
Luis=s sister
Mary and Andrew were visiting Luis and Corina and staying with them.

That evening, Corina took
Natalie to the Christmas parade in downtown Fort Worth while Luis and Andrew
stayed behind and continued drinking. 
Once Corina and Natalie arrived back home, Corina noticed that there was
a trash can full of empty beer containers. 
Later, Corina and Natalie went to bed. 
Because Andrew and Mary were staying in Natalie=s room, Natalie was sleeping in her parents= bed.  Mary went to bed about an
hour later.  Luis and Andrew stayed up
drinking.  Corina testified that late
that night Luis and Andrew argued before Corina and Mary convinced them to go
to bed.  Mary testified that there was no
argument.

When Luis finally got into
bed, he attempted to persuade his wife to have sex with him even though Natalie
was in bed with them.  Corina refused and
told Luis to take a shower.  Luis went
into the bathroom and turned on the shower. 








Corina testified that Luis
later left the bedroom to go sleep in the living room.  However, he returned to the bedroom, accused
Corina of having another man in the bedroom, and began cursing and searching
through the bedroom.  This frightened
Natalie and Corina.  He then threatened
to kill Corina and went toward  the
drawer where he kept his gun.  Corina
attempted to stop him, and a struggle ensued during which Luis choked
Corina.  Natalie called 911, and the tape
of the 911 call was admitted at trial. 
When Mary and Andrew came to the bedroom, the struggle stopped, but Luis
kicked Corina in the head when he got up. 
All of these events took place in the presence of Natalie. 

Corina testified that before
police arrived, she located the gun and gave it to Mary to hide.  She further testified that she told police a
gun was involved once they arrived.  A
police officer testified that he noticed injuries on Corina that he
subsequently photographed.  Luis did not
testify at trial.  A jury convicted Luis
of assault-bodily injury to a family member and two counts of terroristic
threat of a family member and imposed a sentence of 365 days= confinement in the Tarrant County Jail and a $2,000 fine for each
conviction. 

III. Ineffective Assistance
of Counsel








In his sole issue on appeal,
Luis complains that he received ineffective assistance of counsel at
trial.  We apply a two-pronged test to
ineffective assistance of counsel claims.  Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  First, Luis must
show that his counsel=s
performance was deficient; second, Luis must show that the deficient
performance prejudiced the defense.  See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  There is no requirement that we approach the
two-pronged inquiry of Strickland in any particular order, or even
address both components of the inquiry if Luis makes an insufficient showing on
one component.  Id. at 697, 104 S.
Ct. at 2069.  








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001).  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813). 

Here, Luis argues that his
counsel was deficient by preventing or advising him not to testify.  Luis claims that his testimony was essential
to his defensive theory that he was being set-up or framed by his wife.  However, his statements that this was a Aconspiracy@ and that Ahis wife was trying to set him up@ came in through the testimony of a police officer at trial.  The record is completely devoid of any
evidence of counsel preventing Luis from testifying or any reason why defense
counsel advised him not to testify. 
Thus, Luis=s allegation
of ineffectiveness is not firmly founded in the record.  See id.  Accordingly, we presume that counsel=s conduct fell within the range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63. 








Luis also contends that trial
counsel=s failure to object to hearsay testimony and counsel=s alleged ineffective and self-damaging cross-examination are further
evidence of ineffective assistance of counsel. 
Specifically, Luis asserts that a police officer=s testimony regarding statements by Corina and Natalie made at the
scene is inadmissable hearsay to which counsel should have objected.  Luis also
complains that not cross-examining his minor daughter and asking a police
officer questions about Luis=s guilt amount to ineffective and self-damaging
cross-examination.  We disagree.

Generally, an isolated
failure to object to certain procedural mistakes or improper evidence does not
constitute ineffective assistance of counsel. 
See Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App.
1984).  Where the record is silent as to
counsel=s reason for failing to object, the appellant fails to rebut the
presumption that counsel acted reasonably. 
Thompson, 9 S.W.3d at 814. 
Moreover, the decision not to object to inadmissable hearsay can be justified as part
of a sound trial strategy.  Darby v.
State, 922 S.W.2d 614, 623-24 (Tex. App.CFort Worth 1996, pet. ref=d), cert. denied, Darby v. Johnson, 120 U.S. 888. 120 S. Ct.
209 (1999).  The record of Luis=s trial does not
contain any evidence regarding his trial counsel=s reasons or
strategy regarding the challenged actions.  Absent explanations for Luis=s trial counsel=s reasons for not
objecting and for the manner in which he conducted cross-examination, Luis has
failed to overcome the presumption that the challenged actions were sound trial
strategy, and his claims must fail.  See
Ramos v. State, 45 S.W.3d 305, 311 (Tex. App.CFort Worth 2001,
pet. ref=d).

Because Luis has
failed to show that his trial counsel=s performance was deficient, we need not reach the
prejudice prong of Strickland.  See
Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.








IV. Conclusion

Having overruled
Luis=s sole issue, we affirm the trial court=s judgment.

 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
September 28, 2006











[1]See Tex. R. App. P. 47.4.