COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-406-CR

LUIS PONCIANO APPELLANT

V.

STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

Claiming ineffective assistance of counsel, Appellant Luis Ponciano appeals his conviction for assault-bodily injury to a family member and two convictions for terroristic threat of a family member.  Because the record does not support Luis’s complaints, we affirm. 

II. Factual Background

On the day of the assault, the complainant, Corina Ponciano, and her seven-year-old daughter Natalie arrived home at around 2:30 or 3:00 P.M. to find her husband Luis, and his brother-in-law Andrew already drinking.  Luis’s sister Mary and Andrew were visiting Luis and Corina and staying with them.

That evening, Corina took Natalie to the Christmas parade in downtown Fort Worth while Luis and Andrew stayed behind and continued drinking.  Once Corina and Natalie arrived back home, Corina noticed that there was a trash can full of empty beer containers.  Later, Corina and Natalie went to bed.  Because Andrew and Mary were staying in Natalie’s room, Natalie was sleeping in her parents’ bed.  Mary went to bed about an hour later.  Luis and Andrew stayed up drinking.  Corina testified that late that night Luis and Andrew argued before Corina and Mary convinced them to go to bed.  Mary testified that there was no argument.

When Luis finally got into bed, he attempted to persuade his wife to have sex with him even though Natalie was in bed with them.  Corina refused and told Luis to take a shower.  Luis went into the bathroom and turned on the shower. 

Corina testified that Luis later left the bedroom to go sleep in the living room.  However, he returned to the bedroom, accused Corina of having another man in the bedroom, and began cursing and searching through the bedroom.  This frightened Natalie and Corina.  He then threatened to kill Corina and went toward  the drawer where he kept his gun.  Corina attempted to stop him, and a struggle ensued during which Luis choked Corina.  Natalie called 911, and the tape of the 911 call was admitted at trial.  When Mary and Andrew came to the bedroom, the struggle stopped, but Luis kicked Corina in the head when he got up.  All of these events took place in the presence of Natalie. 

Corina testified that before police arrived, she located the gun and gave it to Mary to hide.  She further testified that she told police a gun was involved once they arrived.  A police officer testified that he noticed injuries on Corina that he subsequently photographed.  Luis did not testify at trial.  A jury convicted Luis of assault-bodily injury to a family member and two counts of terroristic threat of a family member and imposed a sentence of 365 days’ confinement in the Tarrant County Jail and a $2,000 fine for each conviction. 

III. Ineffective Assistance of
 
Counsel

In his sole issue on appeal, Luis complains that he received ineffective assistance of counsel at trial.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Luis must show that his counsel’s performance was deficient; second, Luis must show that the deficient performance prejudiced the defense.  
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  
There is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if Luis makes an insufficient showing on one component.  
Id
. at 697, 104 S. Ct. at 2069.
  

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).
 

Here, Luis argues that his counsel was deficient by preventing or advising him not to testify.  Luis claims that his testimony was essential to his defensive theory that he was being set-up or framed by his wife.  However, his statements that this was a “conspiracy” and that “his wife was trying to set him up” came in through the testimony of a police officer at trial.  The record is completely devoid of any evidence of counsel preventing Luis from testifying or any reason why defense counsel advised him not to testify.  Thus, Luis’s allegation of ineffectiveness is not firmly founded in the record.  
See id.
  Accordingly, we presume 
that counsel’s conduct fell within the range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63. 

Luis also contends that trial counsel’s failure to object to hearsay testimony and counsel’s alleged ineffective and self-damaging cross-examination are further evidence of ineffective assistance of counsel.  Specifically, Luis asserts that a police officer’s testimony regarding statements by Corina and Natalie made at the scene is inadmissable hearsay to which counsel should have objected. 
 Luis also complains that not cross-examining his minor daughter and asking a police officer questions about Luis’s guilt amount to ineffective and self-damaging cross-examination. 
 We disagree.

Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.  
See Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  Where the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.  
Thompson
, 9 S.W.3d at 814.  Moreover
, t
he decision not to object to inadmissable hearsay can be justified as part of a sound trial strategy.  
Darby v. State
, 922 S.W.2d 614, 623-24 (Tex. App.—Fort Worth 1996, pet. ref’d), 
cert. denied, Darby v. Johnson
, 120 U.S. 888. 120 S. Ct. 209 (1999). 
 The record of Luis’s trial does not contain any evidence regarding his trial counsel’s reasons or strategy regarding the challenged actions.
  
Absent explanations for Luis’s trial counsel’s reasons for not objecting and for the manner in which he conducted cross-examination, Luis has failed to overcome the presumption that the challenged actions were sound trial strategy, and his claims must fail.  
See Ramos v. State
, 45 S.W.3d 305, 311 (Tex. App.—Fort Worth 2001, pet. ref’d).

Because Luis has failed to show that his trial counsel’s performance was deficient, we need not reach the prejudice prong of 
Strickland
.  
See Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069.

IV. Conclusion

Having overruled Luis’s sole issue, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 28, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.