COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  02-08-081-CR

       02-08-082-CR

THEODIS DODSON, JR. APPELLANT

V.

THE STATE OF TEXAS       STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON REHEARING
(footnote: 1)

------------

Appellant Theodis Dodson, Jr., attempted to appeal the trial court’s judgments adjudicating him guilty of capital murder and aggravated robbery and sentencing him to life imprisonment.  We dismissed the appeals, and Dodson filed a motion for rehearing.  Although we now deny his motion for rehearing, we withdraw our previous opinion and judgment and substitute this opinion and judgment in its place.  
Dodson signed plea agreements with regard to both charges, and the trial court’s certifications stated that Dodson waived the right of appeal.  
See
 Tex. R. App. P
.
 25.2(a)(2).  
We 
notified Dodson by letter that his appeals were subject to dismissal based on the trial court’s certifications unless he filed a response showing grounds for continuing the appeals.  
See 
Tex. R. App. P. 25.2(d), 44.3.  Although Dodson filed a pro se response, he did not show grounds for continuing the appeals.  Accordingly, we dismissed the appeals.  
See
 Tex. R. App. P
.
 43.2(f).

In his pro se motion for rehearing, Dodson complains that his attorney’s failure to request a competency hearing, among other actions, resulted in ineffective assistance of counsel.  Dodson also again complains that he was not competent and that his plea was not voluntary, blaming his trial counsel’s alleged ineffective assistance, and he now also raises complaints about the legal and factual sufficiency of the evidence.  However, because Dodson’s many and multifarious arguments still fail to meet the requirements for appeal after a plea bargain set out in rule of appellate procedure 25.2(a)(2), we dismiss these appeals, 
noting that recourse 
for ineffective assistance is still available to Dodson in the form of an application for a post-conviction writ of habeas corpus.  
See
 Tex. Code Crim. Proc. Ann
. 
art. 11.07 (Vernon Supp. 2008).
(footnote: 2) 

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J. 

DO NOT PUBLISH

Tex. R. App. P
.
 47.2(b)

DELIVERED:
 December 18, 2008

FOOTNOTES
1:
See
 Tex. R. App. P
.
 47.4.

2:
That forum would provide an opportunity to conduct a hearing to consider the facts, circumstances, and rationale for trial counsel’s alleged actions and inactions.  
See Thompson v. State
, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); 
Ramos v. State
, 45 S.W.3d 305, 312 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d).