COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                         NOS.  02-08-081-CR

      
02-08-082-CR

 

 

THEODIS
DODSON, JR.                                                        APPELLANT

 

                                                      V.

 

THE
STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                                  ------------

 

                    MEMORANDUM OPINION ON
REHEARING[1]

 

                                                  ------------








Appellant Theodis Dodson, Jr., attempted to
appeal the trial court=s judgments adjudicating him
guilty of capital murder and aggravated robbery and sentencing him to life
imprisonment.  We dismissed the appeals,
and Dodson filed a motion for rehearing. 
Although we now deny his motion for rehearing, we withdraw our previous
opinion and judgment and substitute this opinion and judgment in its
place.  Dodson signed plea agreements
with regard to both charges, and the trial court=s
certifications stated that Dodson waived the right of appeal.  See Tex. R. App. P. 25.2(a)(2).  We notified Dodson by letter that his appeals
were subject to dismissal based on the trial court=s
certifications unless he filed a response showing grounds for continuing the
appeals.  See Tex. R. App. P.
25.2(d), 44.3.  Although Dodson filed a
pro se response, he did not show grounds for continuing the appeals.  Accordingly, we dismissed the appeals.  See Tex. R. App. P. 43.2(f).








In his pro se motion for rehearing, Dodson
complains that his attorney=s
failure to request a competency hearing, among other actions, resulted in
ineffective assistance of counsel. 
Dodson also again complains that he was not competent and that his plea
was not voluntary, blaming his trial counsel=s
alleged ineffective assistance, and he now also raises complaints about the
legal and factual sufficiency of the evidence. 
However, because Dodson=s many
and multifarious arguments still fail to meet the requirements for appeal after
a plea bargain set out in rule of appellate procedure 25.2(a)(2), we dismiss
these appeals, noting that recourse for ineffective assistance is still
available to Dodson in the form of an application for a post-conviction writ of
habeas corpus.  See Tex. Code
Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).[2]

 

PER CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.;
and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: December 18, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]That forum would provide
an opportunity to conduct a hearing to consider the facts, circumstances, and
rationale for trial counsel=s alleged actions and inactions.  See Thompson v. State, 9 S.W.3d 808,
814B15 (Tex. Crim. App.
1999); Ramos v. State, 45 S.W.3d 305, 312 n.1 (Tex. App.CFort Worth 2001, pet. ref=d).