

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NOS. **02-08-081-CR**
**02-08-082-CR**

THEODIS DODSON, JR.                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                         STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION ON REHEARING[1]

------------

Appellant Theodis Dodson, Jr., attempted to appeal the trial court's judgments adjudicating him guilty of capital murder and aggravated robbery and sentencing him to life imprisonment. We dismissed the appeals, and Dodson filed a motion for rehearing. Although we now deny his motion for rehearing, we withdraw our previous opinion and judgment and substitute this opinion and

---

[1] *See* Tex. R. App. P. 47.4.

judgment in its place.  Dodson signed plea agreements with regard to both charges, and the trial court's certifications stated that Dodson waived the right of appeal.  *See* Tex. R. App. P. 25.2(a)(2).  We notified Dodson by letter that his appeals were subject to dismissal based on the trial court's certifications unless he filed a response showing grounds for continuing the appeals.  *See* Tex. R. App. P. 25.2(d), 44.3.  Although Dodson filed a pro se response, he did not show grounds for continuing the appeals.  Accordingly, we dismissed the appeals.  *See* Tex. R. App. P. 43.2(f).

In his pro se motion for rehearing, Dodson complains that his attorney's failure to request a competency hearing, among other actions, resulted in ineffective assistance of counsel.  Dodson also again complains that he was not competent and that his plea was not voluntary, blaming his trial counsel's alleged ineffective assistance, and he now also raises complaints about the legal and factual sufficiency of the evidence.  However, because Dodson's many and multifarious arguments still fail to meet the requirements for appeal after a plea bargain set out in rule of appellate procedure 25.2(a)(2), we dismiss these appeals, noting that recourse for ineffective assistance is still available to

Dodson in the form of an application for a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).[2]


PER CURIAM


PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 18, 2008

---

[2] That forum would provide an opportunity to conduct a hearing to consider the facts, circumstances, and rationale for trial counsel's alleged actions and inactions. *See Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *Ramos v. State*, 45 S.W.3d 305, 312 n.1 (Tex. App.—Fort Worth 2001, pet. ref'd).