COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-401-CR

         2-05-402-CR

         2-05-403-CR

         2-05-404-CR

         2-05-405-CR

DAVID LEE MCGEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST
  DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant David Lee McGee appeals his convictions for aggravated sexual assault of a child.  We affirm.  

II. Background

McGee was charged by indictment in five cases with aggravated sexual assault of a child under fourteen years of age.  Some of the indictments alleged more than one count, but all counts not waived contained the above charge.  In each case, McGee entered an open plea of guilty before the court and requested that the court order a presentence investigation and assess punishment.

The victim outcry statement established that McGee had sexually assaulted both of his daughters on numerous occasions.  In an apparent attempt to explain McGee’s conduct, both he and his sister testified at the guilty plea hearing that McGee himself had been the victim of sexual abuse as a child.  After the presentence investigation and punishment hearing, the court assessed punishment at life confinement for each offense to run concurrently. 

III. Standard of Review

McGee’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  McGee has also filed a pro se brief.

Once McGee’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for McGee to see if there is any arguable ground that may be raised on his behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

McGee entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4–5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of McGee’s plea, error that is not independent of the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666–67.  

A. Jurisdiction 

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).  Further, the indictment conferred jurisdiction on the trial court and provided McGee with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

B. Voluntariness of the Plea 

In his pro se brief, McGee does not assert that his guilty plea was involuntary.  In fact, McGee states that he only wishes to appeal the punishment phase of his case.  Moreover, our independent review of the record has revealed no fact or circumstance indicating that McGee’s plea was entered involuntarily.  

C. Potential Error Before McGee’s Guilty Plea

The record reveals that no error occurred before the judgment of guilt was entered.  The judgment was based on McGee’s plea and his signed judicial confession.  As a result, there is no appealable error under the holding of 
Young
.  8 S.W.3d at 666–67.
 

D. Potential Error After McGee’s Guilty Plea

In his pro se brief, McGee complains of his attorney’s failure to object to two particular questions during the punishment hearing.  McGee claims he was harmed because his counsel did not object when he (McGee) was asked whether he had threatened to rape and murder his daughters if they reported the assaults.  McGee contends that he had already replied “no” to a similar question.
(footnote: 2)  McGee also complains about his counsel’s failure to object to a question that McGee characterizes as a “berating” statement.  

Assuming, for argument’s sake, that counsel should have objected to these questions, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.  
See Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  Where the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.  
Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)
.
 
 

The record evidence does not contain any evidence regarding McGee’s counsel’s reasons or strategy regarding the challenged actions.
  
Absent explanations for counsel’s reasons for not objecting, McGee has failed to overcome the presumption that the failure to object was sound trial strategy, and his claim must fail.  
See Ramos v. State
, 45 S.W.3d 305, 311 (Tex. App.—Fort Worth 2001, pet. ref’d).
  
We discern no reversible error during the punishment hearing. 
 Therefore, we overrule McGee’s first issue.

McGee also argues in his second issue that the facts of the case do not support the sentence that was given.  As stated above, McGee pleaded guilty to aggravated sexual assault of a child under fourteen years of age, which is a first degree felony.  
See
 
Tex. Penal Code Ann.
 § 22.021(e) (Vernon Supp. 2006).  T
he life sentence assessed by the trial court is within the statutorily permissible range for this offense.  
See id.
 § 12.32 (Vernon 2003).  P
unishment assessed within the statutory limits is generally not excessive, cruel, or unusual punishment
.  
See Alvarez v. State
, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.).  
Thus, we overrule McGee’s second issue. 
   

IV. Conclusion

After independently reviewing the record, we agree with appellate counsel’s determination that the appeals are frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 22, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The first question was simply, “Do you admit that you threatened those girls not to tell anyone what was going on with them?”