In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-148 CV


____________________



IN RE JOSEPH ALLEN MCLAREN






Original Proceeding






MEMORANDUM OPINION


 Joseph Allen McLaren seeks mandamus relief to compel the trial court to credit time
served while he was out on bond pending the appeal of his conviction for aggravated sexual
assault. We affirmed the conviction on appeal. See McLaren v. State, 996 S.W.2d 404 (Tex.
App.--Beaumont 1999, pet. ref'd). On November 21, 2006, the trial court denied McLaren's
motion to amend the judgment nunc pro tunc.

 McLaren bases his claim for relief on Article 42.03, which provides as follows: "If
a defendant appeals his conviction, is not released on bail, and is retained in a jail as provided
in Section 7, Article 42.09, pending his appeal, the judge of the court in which the defendant
was convicted shall give the defendant credit on his sentence for the time that the defendant
has spent in jail pending disposition of his appeal." Tex. Code Crim. Proc. Ann. art. 42.03,
§ 3 (Vernon 2006). McLaren admits he was released on bail pending appeal and was not in
jail for the period of time between November 13, 1997, and June 21, 2000. Article 42.03
requires that credit shall be given for time spent in jail. Id. McLaren was not in jail during
the time for which he seeks credit. 

 The trial court has the authority to correct the omission of presentence jail credit
through judgment nunc pro tunc. Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App.
2004). Mandamus is available to compel the trial court to respond to a nunc pro tunc motion
for presentence jail credit. Id. at 149. In this case, however, the relator has not shown that
he is entitled to the relief sought or that the motion awaited disposition for an unreasonable
length of time under the circumstances. See Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex.
App.--Amarillo 2001, orig. proceeding). Moreover, McLaren failed to demonstrate that the
act sought to be compelled is purely ministerial and the relator has a clear and indisputable
right to relief. See State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924,
927-28 (Tex. Crim. App. 2001). The petition for writ of mandamus, filed March 15, 2007,
is denied.

 WRIT DENIED

 PER CURIAM

Opinion Delivered March 22, 2007

Before Gaultney, Kreger, and Horton, JJ.